■ In the Matter of ROBERT K., a Person Alleged to be a Juvenile Delinquent, Appellant. — Order, Family Court, Bronx County (Matthews, J.), rendered April 13, 1981, which determined that respondent committed acts, which, if performed by an adult could constitute the crime of menacing, and sentencing him to a term of one year's probation, reversed, on the law and the facts, and the petition dismissed, without costs. Defendant was arrested in February, 1981 on charges of attempted rape in the first degree, attempted

sexual abuse in the first degree, criminal possession of stolen property in the third degree and menacing. The complainant testified that as she was walking home along 238th Street, at 9:45 P.M., she passed a man sitting on a car. A minute or two later the same man came up to her from behind and put his right arm on her shoulder asking if she knew who he was. When she replied she did not, he stated: "I'm the rapist." He put both of his arms on her, pushing her in the direction of Barnes Avenue. The complainant then shoved her elbow into his side, breaking his grip, and ran. In doing so, her pocketbook dropped to the ground, and as she ran, she quickly glimpsed the man pick up the bag and run up Barnes Avenue. The complainant raced home and called her father, a New York City corrections officer. When her father arrived, they began to tour the area for her assailant. As they passed a pizzeria on 237th Street, the complainant spotted Robert K., and after indicating that it was he, the complainant's father handcuffed him until the police arrived. Respondent, Robert K., presented four witnesses and testified on his own behalf. Essentially all of the witnesses corroborated his story of innocence. John, Robert's friend, testified that he and Robert had been riding their bicycles all day and that at about 9:35 P.M. they met Robert's grandfather and accompanied him to the store. Robert's grandfather testified that they spoke for 10 or 15 minutes and then went home. Robert testified that after he went home his father sent him for pizza and while waiting for the pizza, the complainant's father approached him stating "You raped my daughter." When a friend of Robert's asked the complainant whether she was sure, she allegedly replied: "Well, I'm not sure. It looks like him." Whereupon the complainant's father said "Damn it girl, is this the guy?" To which she replied "Yes." The complainant only saw a glimpse of Robert for a few seconds, and never face to face until she identified him to her father, obviously under a great deal of pressure. Essentially all of the witnesses corroborated Robert's testimony, and no evidence was introduced to show that there might be deceitful testimony. (See *Matter of Allan A.*, 70 AD2d 589.) "[T]o win an acquital, the law has long been that a defendant need only to show that 'the proof as to an *alibi*, when taken into consideration with all the other evidence, raises a reasonable doubt as to [his] guilt' ". (*Matter of Allan A., supra*, at p 590, quoting *People v Barbato*, 254 NY 170, 179.) The appellant's friends and his grandfather place him in a different location at the time of the attack, and their testimony was not rebutted. This, coupled with the uncertainty in the complainant's identification, clearly raises a reasonable doubt. (*People v Ciprio*, 30 AD2d 956.) The prosecution must disprove an alibi defense beyond a reasonable doubt and may not shift that burden to the defendant (see Penal Law, § 25.00, subd 1; *People v Grant*, 84 AD2d 793). The evidence was insufficient to establish the appellant's guilt beyond a reasonable doubt. Accordingly, findings of the Family Court are vacated, and new findings consistent herewith are substituted therefor. Concur — Kupferman, J. P., Ross, Markewich, Lupiano and Asch, JJ.