OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
This juvenile delinquency proceeding was initiated by the filing of an order of removal signed by a Judge of the New York City Criminal Court. (Family Ct Act, § 731, subd 3.) Acting pursuant to CPL 180.75 (subd 4) the Criminal Court Judge found “reasonable cause to allege that the defendant committed the following acts: The defendant, acting in concert with one other not apprehended, did engage in deviate sexual intercourse with informant, Gerald Philips, by forcible compulsion in that defendant did not hold a knife to informant’s throat and did force informant to commit oral sodomy on defendant and said other person did hold said knife to informant’s stomach and did force informant to commit oral sodomy on said other person. Deponent is informed by Wallace Pearson, Staten Island, that the Defendant, by physical menace did intentionally place informant in fear of imminent serious physical injury to wit: Defendant did wave said knife at informant and did threaten to stab informant if informant did not fight with defendant.” (Emphasis supplied.)
*677 The order of removal fails to set forth details as to the date, time and place of the alleged occurrence. Moreover, there is no accusatory part, since the instrument is silent as to the section or sections of the Penal Law allegedly violated by the facts as recited therein. Pursuant to subdivision 3 of section 731 of the Family Court Act, the order of removal forms the basis of the juvenile delinquency petition now before this court. In reviewing the sufficiency of that petition, this court must conclude that it fails to supply the respondent with constitutionally adequate notice of the charges to be met. (Matter of Eric K., 100 Misc 2d 796; see, also, Matter of Gault, 387 US 1; Albrecht v United States, 273 US 1; People v Zambounis, 251 NY 94; People v Fletcher Gravel Co., 82 Misc 2d 22.)
The District Attorney concedes that the petition is defective on its face. However, she seeks leave to amend the petition by supplying the date, time, and place of the occurrence as well as the section or sections of the Penal Law allegedly violated. In addition, she moves to delete the word “not” from the body of the petition.
On the other hand, the Law Guardian moves to dismiss the petition. In addition to citing the above omissions in the petition, the Law Guardian argues that this court lacks the authority to amend the petition in the manner requested by the District Attorney.
There is no specific provision in the Family Court Act dealing with amendments of petitions. Pursuant to section 165 of the Family Court Act, where the method of procedure is not specified, the court shall apply the provisions of the CPLR “to the extent that they are appropriate to the proceedings involved.”
Juvenile delinquency proceedings are, at least, quasi-criminal in nature. (Matter of Gregory W., 19 NY2d 55.) As a result of such proceedings, a juvenile respondent may be subjected to a very significant interference with his freedom. (See Family Ct Act, §§ 753, 753-a, 756.)
Accordingly, the court must conclude that the amendment procedures set forth in the CPLR are not consistent with the due process rights to which a respondent in a juvenile delinquency proceeding is entitled. Therefore, in *678 order to implement and protect the constitutional rights of this respondent, the court will look to analogous provisions of the Criminal Procedure Law. (Matter of Albert B., 79 AD2d 251.) CPL 1.20 (subd 1) defines an “accusatory instrument” as “an indictment, an information, a simplified information, a prosecutor’s information, a superior court information, a misdemeanor complaint or a felony complaint”. Examining each of the above accusatory instruments, it becomes clear that there is a similarity between an indictment and prosecutor’s information that is not found in the others. An indictment is filed with a superior court after being handed down by the Grand Jury. (CPL 200.10.) Thus, there is a review of the charges by an entity other than the complainant or prosecutor before an indictment issues.
CPL 100.10 (subd 3) defines a prosecutor’s information as follows: “A ‘prosecutor’s information’ is a written accusation by a district attorney, filed with a local criminal court, either (a) at the direction of a grand jury pursuant to section 190.70, or (b) at the direction of a local criminal court pursuant to section 180.50 or 180.70, or (c) at the district attorney’s own instance pursuant to subdivision two of section 100.50, charging one or more persons with the commission of one or more offenses, none of which is a felony. It serves as a basis for the prosecution of a criminal action, but it commences a criminal action only where it results from a grand jury direction issued in a case not previously commenced in a local criminal court.” It will be noted that, like an indictment, the prosecutor’s information is reviewed by an entity other than the complainant or prosecutor, i.e., the Grand Jury or the local criminal court.
In this regard, it is significant that the CPL provisions concerning amendment of an indictment are specifically made applicable to a prosecutor’s information (CPL 100.45, subd 2).
The papers transferred to this court and forming the basis of the instant juvenile delinquency proceeding were reviewed by a Criminal Court Judge. His signature appears at the bottom of the order of removal, the instrument which sets forth the facts he found reasonable cause to allege. His review of and action upon the accusatory in *679 strument filed in the criminal court compels the conclusion that any amendment of the instant petition should be governed by the CPL provisions relating to amendments of prosecutor’s informations or indictments. (CPL 100.45, subd 2.)
Pursuant to CPL 200.70 (subd 2), an indictment may not be amended to cure “(a) A failure thereof to charge or state an offense; or (b) Legal insufficiency of the factual allegations”. (See, also, CPL 200.50.)
The order of removal, now a petition in this court, fails to set forth the underlying charges or the sections of the Penal Law violated by the acts alleged. This must be deemed “[a] failure thereof to charge or state an offense” within the meaning of CPL 200.70. And, accordingly, this court now holds that it lacks the power to permit an amendment of the petition to allow the District Attorney to cure this omission.
The case of Matter of Parsons (108 Misc 2d 738) is not inconsistent with the holding made herein. In that case, the juvenile delinquency petition was initiated in the Family Court pursuant to subdivision 1 of section 731 of the Family Court Act. Thus, the accusatory instrument in Parsons did not originate in another court nor was it reviewed by a Judge of another court. Hence, the Parsons case is clearly distinguishable from the case now before this court.
In light of the court’s decision, it is not necessary to reach the issue of whether the District Attorney may amend the petition to delete the word “not” from the body of the factual allegation.
Finally, the court notes that there is no statutory authority for ordering that the within papers be returned to the Criminal Court to cure the errors therein contained. This being a court of limited jurisdiction, it may not act beyond the scope of the powers specifically granted to it. (Silver v Silver, 36 NY2d 324.)
Accordingly, the motion of the District Attorney is denied. The motion of the Law Guardian to dismiss the petition is granted and the respondent is discharged.