■ In the Matter of ISAAC W., a Person Alleged to be a Juvenile Delinquent, Appellant. — Order, Family Court, Bronx County (Getzels, J.), rendered May 15, 1981, adjudicating appellant a juvenile delinquent and placing him on probation for two years, following a fact-finding determination that appellant had committed acts which if done by an adult would constitute the crime of assault in the third degree, reversed, on the law, and the petition is dismissed, without costs. After a fact-finding hearing, appellant was adjudicated a juvenile delinquent and placed on probation for two years on the basis of the Family Court's determination that he had committed acts which if done by an adult would constitute the crime of assault in the third degree. Two questions are presented. First appellant claims that the evidence was insufficient to establish his guilt of assault in the third degree. The Penal Law provides that a person is guilty of assault in the third degree when: "(1) With intent to cause physical injury to another person, he causes such injury to such person" (see Penal Law, § 120.00). Physical injury is defined as "impairment of physical condition or substantial pain" (see Penal Law, § 10.00, subd 9). Appellant claims that the evidence failed to establish physical injury within the contemplation of that definition. The testimony of the complainant, which the Family Court was entitled to credit, was that the appellant had struck him some six or seven times in the jaw and on the cheekbone, inflicting a cut on the inside of his jaw which caused a stinging pain that lasted some five or six hours, that complainant's jaw became puffy, and that his head was pounding for three or four hours. Although the issue is arguably a close one (see, e.g., *People v McDowell*, 28 NY2d 373; *Matter of Philip A.*, 49 NY2d 198) we are satisfied

that the evidence was sufficient to sustain the Family Court's determination that physical injury as defined by the statute had been adequately established. The second and more important issue is raised by appellant's claim that the petition was jurisdictionally defective in that it failed to allege that appellant had acted "with intent to cause physical injury." In *People v Hall* (48 NY2d 927), the Court of Appeals, reversing a defendant's conviction for harassment following a nonjury trial, held: "It is a fundamental and nonwaivable jurisdictional prerequisite that an information state the crime with which the defendant is charged and the particular facts constituting that crime. [Cites omitted.] In order for an information to be sufficient on its face, every element of the offense charged and the defendant's commission thereof must be alleged (CPL 100.40, subd 1, par [c]; 100.15, subd 3)." No authoritative decision seems to have addressed squarely the issue presented by a petition in a juvenile delinquency proceeding which, though consistent with the specific requirements of section 732 of the Family Court Act, does not set forth an essential element of the underlying crime charged as required of informations in the sections of the Criminal Procedure Law alluded to by the Court of Appeals in *People v Hall* (*supra*). In light of the clear trend of the law following *Matter of Gault* (387 US 1), to extend to juveniles in delinquency proceedings protections no less than those provided adults in criminal proceedings, we are of the view that the principle set forth in *People v Hall* is applicable, that the petition on the basis of which appellant was convicted was jurisdictionally defective, and that the adjudication must therefore be reversed and the petition dismissed. Concur — Kupferman, J. P., Sandler, Carro, Lupiano and Milonas, JJ.