■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY LEE CHESEBRO, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 11, 1981, upon a verdict convicting defendant of the crimes of assault in the second degree and resisting arrest. Defendant's conviction has its genesis in an altercation with two policemen outside an Elmira bar on the evening of April 8, 1981. Despite the bartender's admonition to refrain from removing liquor bottles from behind the bar, defendant, in the bartender's absence, apparently continued to do so. The bartender then asked defendant to leave and when he refused the police were called; Officers James Minchin and Robert Grzejka responded. Although defendant eventually left the bar peacefully with the police, another person, Mark Van Atta, began abusing the officers. When Van Atta failed to heed police warnings to be quiet, Minchin placed him under arrest for disorderly conduct. According to the officers and the bartender, a struggle then ensued between Van Atta and Minchin during which defendant, while attempting to restrain Minchin, struck him in the face. Defense witnesses uniformly denied defendant had hit the officer. Defendant's leading contention is that Officer Minchin did not sustain a "physical injury" within the meaning of the assault statute (Penal Law, § 120.05, subd 3). "Physical injury" is defined by subdivision 9 of section 10.00 of the Penal Law as "substantial pain" or "impairment of physical condition". Minchin, who is six foot and four inches tall and weighs 245 pounds, testified that defendant's punch was a "hard blow" which drove him back a step or two, caused his face to go numb, induced bleeding from the nose and generated a cut on the inside of his mouth. He suffered repeated bleeding from the nose over the next three or four days and tenderness and soreness of the lip. Minchin stated that his nose and lip "hurt quite well" during that period. Defendant emphasizes that Minchin neither sought medical attention for his injuries nor missed any work as a result of them. Though petty slaps, shoves and kicks do not amount to "physical injury" under the statute (*Matter of Philip A.,* 49 NY2d 198, 200), we are satisfied from the force with which the blow was delivered, coupled with the degree of pain and recurring nosebleeds experienced by Minchin, that this was more than a technical battery, and whether "impairment of physical condition or substan-

tial pain" existed was, therefore, properly a matter for the trier of fact to determine (*Matter of Isaac W.*, 89 AD2d 831, 831-832; *People v Gordon*, 107 Misc 2d 248, 249-251). Error is also claimed in the court's failure to declare a mistrial when Officer Grzejka, upon cross-examination by the defense, implied that defendant had stolen the liquor bottles. Earlier the court had ordered that the bottles be referred to as "taken" rather than "stolen". Officer Grzejka's implication came about when defense counsel attempted to impeach him with an arrest report in which it was declared Van Atta had "stolen" the bottles. Unbeknownst to both the prosecution and the defense, the officer had filed a supplemental report correcting this statement to reflect that it was defendant who had stolen the bottles. Defendant maintains that the entire matter of who "stole" the bottles would not have been raised had defense counsel been provided with a copy of the supplemental report and that references to this incident connoted guilt of an uncharged crime which prejudiced defendant's case. We disagree. Initially, we note that even before Grzejka's testimony, frequent references were made, before the jury, to the "taking" of the bottles by defendant. Furthermore, the trial court, once it became apparent both sides were unaware of the supplemental report's existence, denied the District Attorney the opportunity to rehabilitate the officer with respect to the corrections made in the report. Consequently, defendant had the benefit of having impeached Officer Grzejka with respect to the report without being contradicted during rehabilitation. Moreover, the passing reference to the bottles being "stolen", when viewed in the context of the entire record, simply does not amount to grounds for a mistrial. Finally, the court did not err by failing to dismiss the resisting arrest conviction in light of the second degree assault conviction. It is theoretically possible to commit assault in the second degree as defined by subdivision 3 of section 120.05 of the Penal Law without committing the crime of resisting arrest (Penal Law, § 205.30) because the former involves intentional prevention of the performance of a police officer's "lawful duty" while the latter is directed only at proscribing intentional or attempted prevention of "an authorized arrest". Resisting arrest is, therefore, not a lesser included offense of second degree assault under subdivision 3 of section 120.05 of the Penal Law (*People v Glover*, 57 NY2d 61; *People v Miguel*, 53 NY2d 920) and dismissal pursuant to CPL 300.40 (subd 3, par [b]) is unwarranted. We have considered defendant's other arguments and find that the errors charged were either not preserved for review, were without merit, or were harmless. Judgment affirmed. Sweeney, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.