■ In the Matter of GAYLORD II., a Person Alleged to be a Juvenile Delinquent, Appellant. — Appeal from an order of the Family Court of Rensselaer County (Reeves, J.), entered October 18, 1983, which adjudicated respondent to be a juvenile delinquent.

On the afternoon of May 8, 1982, an 11-year-old boy alleged that he had been assaulted by three youths, one of whom was respondent. The boy told the State Police he had been struck by his three assailants and that they had placed a rope around his neck and pulled on it, causing him to fall to the ground and lose consciousness. The following day the State Police initiated a proceeding to adjudicate respondent a juvenile delinquent pursuant to the provisions of former sections 731 and 733 of the Family Court Act.

After a hearing, Family Court adjudicated respondent to be a juvenile delinquent. This appeal ensued. The main thrust of the appeal is respondent's contention that the decision was contrary to the credible evidence. The major issue was respondent's alibi defense. No other issue was significantly controverted.

In a Family Court juvenile delinquency proceeding, the party presenting the petition has the burden of demonstrating beyond a reasonable doubt that the accused committed the acts alleged (see Family Ct Act, § 744, subd [b]; *Matter of Donald F.*, 97 AD2d 980). In this instance, it was necessary to offer evidence to establish that respondent committed the acts which, were he an adult, would be sufficient to find him guilty of the crime of assault (cf. *Matter of Isaac W.*, 89 AD2d 831, 832).

In support of the petition, the victim testified under oath as to the assault and identified respondent as one of his assailants. Medical evidence corroborated the injuries. Respondent, his father, sister and another boy who allegedly participated in the assault testified in opposition to the petition. The father testified that respondent was with him at all times during the day of the incident and that they had not been at the scene thereof. Other testimony indicated that respondent was out of his father's sight for a period of time while they were visiting the home of friends at about the time the alleged assault took place. The victim testified that the assault took place in the vicinity of the residence where respondent and his family were visiting. He also identified a youth who resided at the residence as one of his assailants.

The credibility of witnesses is a matter for determination by the trier of fact (*Matter of Issac W., supra*). It is the quality of the evidence, rather than the quantity, which controls (*People v Arroyo,* 54 NY2d 567, 578, cert den 456 US 979). Where the accused raises an alibi defense, the accusers have the obligation of proving beyond a reasonable doubt that the accused was present at the scene of the crime at the time of its commission (Penal Law, § 25.00, subd 1; *Matter of Lamont J.,* 98 AD2d 723; see, also, *Matter or Robert K.,* 88 AD2d 874, 875). Family Court

may properly determine which witnesses it finds credible in resolving an alibi issue (*Matter of Lamont J., supra*). A juvenile proceeding being quasi-criminal in nature (*Matter of Kenneth C.*, 114 Misc 2d 676, 677), the findings of the trier of fact against respondent entitle the party bringing the petition to the most favorable view of the evidence on this appeal (*People v Eddy*, 95 AD2d 956, 957).

We find that the evidence was sufficient for Family Court to conclude beyond a reasonable doubt, that respondent committed the acts alleged in the petition.

Respondent also contends that various remarks made by counsel are cause for reversal. We do not find any comments made by counsel in this nonjury trial so prejudicial as to warrant reversal (see *Matter of Michael S.*, 84 AD2d 842, 843).

Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.