■ In the Matter of JERRY XX., Alleged to be a Juvenile Delinquent, Appellant. MONTGOMERY COUNTY ATTORNEY, Respondent.—Harvey, J. Appeal from an order of the Family Court of Montgomery County (Catena, J.), entered August 31, 1984, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

The instant petition arises from an allegation that on January 5, 1984, respondent, then age 12, vandalized an automobile. It was charged in the petition that, by kicking and hitting it with snowballs, respondent caused over $250 in damages to the vehicle. The basis for the appeal is respondent's contention that there was insufficient evidence at the trial to identify him as the person who vandalized the automobile. The unique circumstances are that respondent had a twin brother with a close, but not exact, physical resemblance to him. There was a substantial amount of conflicting testimony which ranged from the positive identification of respondent by one witness to testimony in support of an alibi by another witness.

It is the burden of the party presenting the petition in a Family Court juvenile delinquency proceeding to prove beyond a reasonable doubt that a person committed an act or acts which, if committed by an adult, would be a crime (Family Ct Act § 342.2 [2]; *Matter of Donald F.,* 97 AD2d 980). Credibility is a matter for the determination of the Family Court Judge *(Matter of Michael D.,* 109 AD2d 633, 634; *Matter of Gaylord II.,* 106 AD2d 823, 824-825; *see, People v Gruttola,* 43 NY2d 116, 122). The Family Court Judge serves as the trier of fact and his resolution of disputed facts is to be accorded the same weight as that given to a jury verdict *(People v Carter,* 63 NY2d 530, 539; *Matter of Michael D., supra).* Where the findings of fact are resolved against a respondent, the party bringing the petition is entitled to the most favorable view of the evidence *(Matter of Michael D., supra; Matter of Gaylord II., supra,* p 825).

In determining the quality of the evidence before the court, the vantage point of the particular witness to view the activity would be of great importance. It would also be important for the court to consider the likelihood of a witness to color his testimony in view of his personal relationship with respondent. These are two factors which could have been decisive in determining which of two inconsistent statements is to be believed. We conclude that there was sufficient evidence for

Family Court to determine beyond a reasonable doubt that respondent committed the act complained of.

Order affirmed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.