■ In the Matter of JEANETTE Q., a Person Alleged to be a Juvenile Delinquent, Appellant. OTSEGO COUNTY ATTORNEY'S OFFICE, Respondent.—Levine, J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered September 6, 1984, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was adjudicated a juvenile delinquent on the basis of a finding by Family Court that she committed an act which, if committed by an adult, would constitute the crime of petit larceny, namely, the taking of a wallet containing $117 from a locker at the YMCA located in the City of Oneonta, Otsego County. The essential proof against respondent consisted of the testimony of Linda Hurley, an employee of the YMCA, and that of Robin Sharp, aged 16, respondent's companion at the time of the theft. Hurley testified that, shortly before the theft was discovered, she heard locker doors in the locker room being opened and slammed shut and then imme-

diately observed only respondent and Sharp present in the locker room. In a statement to the police, respondent admitted her presence in the locker room, along with Sharp, during the brief period when the theft must have occurred. According to Sharp, she and respondent went into the locker room in order to make themselves up in preparation to attend a concert that evening and that, upon leaving the YMCA, respondent told Sharp that she had taken some money from the locker room.

Respondent's first contention on appeal is that Sharp was an accomplice and that there was insufficient corroborative evidence to support the adjudication of delinquency (see, Family Ct Act § 343.2 [1]). Family Court Act § 343.2 repeats in substance, and was adopted from, CPL 60.22 (Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 343.2, p 473). Sharp denied having participated in the theft and her testimony in this regard was credited by Family Court. There was nothing inherently incredible in her testimony. The fact that identical charges against Sharp in a companion criminal proceeding were disposed of by an adjournment in contemplation of dismissal may not be considered as an admission of guilt (see, CPL 170.55 [6]) and, hence, is not evidence of Sharp's complicity in the crime. In a case tried without a jury, the greatest respect should be accorded the nisi prius court in assessing the credibility of witnesses (Amend v Hurley, 293 NY 587, 594). This principle equally applies to appellate review of findings by Family Court (Matter of Irene O., 38 NY2d 776, 777; Matter of Van Alstyne v David Q., 92 AD2d 971, 972). Hence, Family Court's acceptance of Sharp's testimony as truthful should not be disturbed.

Apart from issues of credibility concerning Sharp's testimony which, as we have concluded, were within the discretion of Family Court to resolve, the remaining evidence proved nothing more than that Sharp was probably present when the wallet and money were stolen. Sharp cannot be deemed to have been an accomplice as a matter of law unless the trier of the facts could reasonably reach no other conclusion than that she participated in the crime charged or a crime based upon the same or some of the same facts or conduct which constituted the crime charged (see, Family Ct Act § 343.2 [2]; CPL 60.22 [2]; People v Cobos, 57 NY2d 798, 801). Accordingly, Family Court's factual determination that Sharp was not an accomplice should stand.

Respondent's remaining argument, that the evidence was insufficient to establish her guilt beyond a reasonable doubt, is equally unavailing. The testimony of Hurley, respondent's

admission to the police and respondent's incriminating statement to Sharp were amply sufficient to support Family Court's finding that she committed an act which, if committed by an adult, would constitute the crime of petit larceny.

Order affirmed, without costs. Kane, J. P., Levine and Harvey, JJ., concur.

Main and Yesawich, Jr., JJ., dissent and vote to reverse in a memorandum by Main, J. Main, J. (dissenting). We respectfully dissent. We agree with the majority that Robin Sharp was not an accomplice within the meaning of Family Court Act § 343.2 and that her testimony, consequently, did not require corroboration. However, we are unable to conclude, as does the majority, that petitioner sustained its burden. Sharp had initially been charged with stealing the money in question from the YMCA locker room. Because she was then over 16 years of age, Sharp's case was in Oneonta City Court rather than Family Court. In exchange for her testimony in Family Court against respondent, Sharp's case was adjourned in contemplation of dismissal. Thus, even though Sharp could not be labeled an accomplice, her testimony, nonetheless, lacked the inherent trustworthiness of testimony from a disinterested witness in view of the arrangement under which Sharp came to testify at respondent's hearing (see, People v Moses, 63 NY2d 299, 305; People v Kress, 284 NY 452, 459).

Moreover, it must be remembered that it was Sharp, not respondent, who, for some reason, concededly lied as to her identity in gaining entrance to the YMCA. It was Sharp, who had a compelling motive to falsify because of the arrangement under which she came to testify, who supplied the critical testimony against respondent. Under these facts and circumstances, we are unable to conclude that such suspect testimony sustained petitioner's heavy burden of proving respondent guilty beyond a reasonable doubt. Accordingly, we would reverse Family Court's order and dismiss the petition.