■ In the Matter of LAWRENCE S., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Doyle, J.), entered August 7, 1985, which upon a fact-finding order dated March 22, 1985, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the third degree, placed him on probation and directed him

to participate in therapy and counseling with a licensed practitioner.

Ordered that the order of disposition is affirmed, without costs or disbursements.

At the fact-finding hearing the complainant testified that on July 23, 1984, a clear dry day, at 1:30 P.M., she was returning home from shopping, when all of a sudden she felt something pinch her right buttocks. She looked up and saw the appellant, a very heavy-set youth, on his bicycle. The complainant thought that perhaps the appellant had used her body to brace himself from falling off the bicycle. The appellant rode a distance from her and then turned around on his bicycle and returned, crossing her path. Then the appellant jumped from his bicycle and threw her on the ground. As he pinned her to the ground he rubbed his penis against her vagina. The complainant felt an erection as the appellant laid on top of her. The appellant told her "I'm sorry it's your perfume". The complainant shouted, attracting the attention of a passing motorist. On seeing the motorist, the appellant remounted his bicycle and pedaled away. The complainant stopped at a neighbor's home to compose herself and after 20 minutes went home. There she called the police.

A police officer came to her home and she told him what had happened. Thereafter, she went into a police car with the officer and was driven to the appellant's home. The officer instructed her to nod her head if she recognized the person who came to the door. The appellant answered the door and the complainant recognized him by nodding her head. The officer and the appellant came over to the car and the appellant told her "I'm sorry".

The appellant admitted striking the complainant in the buttocks, but stated this was accidental when his handlebar hit her. He denied jumping onto the complainant. He stated that he weighed 200 pounds on the day in question.

The appellant introduced a letter from his family doctor concerning his genitals. The letter stated that he had a retracted penis and that when he had an erection his penis would not be normal size. Later, on being questioned by the court, he stated that he was capable of having an erection.

The appellant's counsel had made an omnibus motion wherein he, *inter alia,* sought suppression of certain evidence and statements made to the police. At the outset of the proceeding, after hearing the County Attorney state that there was no need for a suppression hearing because he would

rely on the complainant's testimony, the court decided to proceed without a suppression hearing. The appellant did not raise any objection.

Here, the appellant conceded at the fact-finding hearing that he had struck the complainant in the buttocks. Therefore, identification was not an issue. The affirmation in support of the defendant's omnibus motion did not allege any improper conduct on the part of the police as to the showup. Under such circumstances, the Family Court did not err in summarily refusing to suppress the complainant's identification testimony *(see, People v Roberto H., 67 AD2d 549)*.

Further, the appellant argued that the evidence adduced during the trial was insufficient to find him guilty. This case was tried before a court without a jury. Due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses *(see, Arnold v State of New York, 108 AD2d 1021, appeal dismissed 65 NY2d 723)*. Viewing the evidence in a light most favorable to the petitioner as we must, the appellant's guilt was established beyond a reasonable doubt *(see, Matter of Jerry XX., 115 AD2d 797)*. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.