■ In the Matter of ANGEL R., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Greenbaum, J.), dated June 6, 1986, which, upon a fact-finding order of the same court dated March 25, 1986, made after a hearing, finding that the appellant had committed acts which, if committed by an adult,

would have constituted the crimes of assault in the second degree, attempted robbery in the first degree and criminal possession of a weapon in the fourth degree, placed him on probation for a period of one year. The appeal brings up for review the prior fact-finding determination.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We reject the appellant's contention that the evidence did not prove his guilt beyond a reasonable doubt (Family Ct Act § 342.2 [2]). This case was tried before a court without a jury. In such cases, the greatest respect must be accorded the determination of the hearing court in assessing the credibility of witnesses and resolving disputed questions of fact *(see, Matter of Lawrence S.,* 127 AD2d 772, 774; *see also, Matter of Jeanette Q.,* 119 AD2d 848, 849). The decision of the Family Court is accorded the same weight as that given to a jury verdict *(People v Carter,* 63 NY2d 530; *Matter of Michael D.,* 109 AD2d 633, 634, *affd* 66 NY2d 843; *Matter of Jerry XX.,* 115 AD2d 797, *lv denied* 68 NY2d 601). Upon the exercise of our factual review power, we are satisfied that the evidence established the appellant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The evidence showed that the complainant viewed the appellant's face at close range for five minutes under good lighting conditions. Thereafter, while riding with the police in the neighborhood of the incident, the complainant identified the appellant without any prompting from the police. We find nothing in the complainant's testimony to be so unbelievable as to persuade us to disturb the Family Court's adjudication. Mangano, J. P., Thompson, Lawrence and Harwood, JJ., concur.