◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HARDING, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Samenga, J.), rendered September 24, 1984, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Monserrate, J.), of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly denied that branch of his omnibus motion which was to suppress the identification testimony of the complainant Gemroy Graham and witness Stephen Smith.

The court properly concluded that there existed independent bases supporting the identifications of both Smith and Graham. The record reveals that during the commission of the robbery, Graham stood face to face with the defendant under a street light and clearly observed the defendant's features. Smith testified that he observed the defendant from a distance of approximately five feet under "excellent" lighting conditions (cf., People v Smalls, 112 AD2d 173). Furthermore, both witnesses knew the defendant prior to the robbery. Smith

testified that he had known the defendant from the neighborhood for a period of 4 to 5 years and had played ball with him on more than one occasion. Similarly, the complainant testified that he knew the defendant "quite well", having recognized him as someone who was frequently present at a local store in the neighborhood. In light of the foregoing, the suppression court's denial of that branch of the defendant's omnibus motion which was to suppress identification testimony was correct.

The trial court's *Sandoval* ruling represented a proper exercise of discretion *(see, People v Sandoval,* 34 NY2d 371; *People v Tucker,* 122 AD2d 237, *lv denied* 68 NY2d 918; *People v Edwards,* 118 AD2d 581, *lv denied* 67 NY2d 942).

The evidence, when viewed in a light most favorable to the People, was legally sufficient to support the defendant's conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.