■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THORPE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 2, 1983, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dufficy, J.), of those branches of the defendant's omnibus motion which were to suppress certain physical and identification evidence.

Ordered that the judgment is affirmed.

The hearing court properly determined that the guns recovered in the area where the defendant had been pursued by the police constituted abandoned property. Since "[i]t is well settled * * * that '[p]roperty which has in fact been abandoned is outside the protection of the constitutional provisions' *(People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023)" *(People v Anderson,* 118 AD2d 788, 790, *lv denied* 67 NY2d 1050), the court was correct in denying that branch of the defendant's omnibus motion which was to suppress the physical evidence.

The identification at the police station showup was suppressed. However, we find that the court correctly ruled that the complainant could make an in-court identification of the defendant. The complainant had ample opportunity to view the defendant during the commission of the crime, thereby providing him with an independent basis for his in-court identification *(see, People v Smalls,* 112 AD2d 173, 174).

Finally, we have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.