■ In the Matter of JEFFERY T., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Deutsch, J.), dated July 8, 1985, which, upon a fact-finding order of the same court, dated May 14, 1986, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of sodomy in the first degree (Penal Law § 130.50 [3]) and sexual abuse in the first degree (Penal Law § 130.65 [3]), placed him on probation for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The evidence establishes that the appellant subjected the victim, a boy under the age of 11, to sexual contact (Penal Law § 130.00 [3]) and to deviate sexual intercourse (Penal Law § 130.00 [2]) so as to have committed acts which, if committed

by an adult, would have constituted the crimes of sodomy in the first degree (Penal Law § 130.50 [3]) and sexual abuse in the first degree (Penal Law § 130.65 [3]). Among the arguments advanced by the appellant in this court are (1) that the Family Court refused to consider whether a certain witness for the petitioner was an accomplice, and (2) that the Family Court erred in permitting the complaining witness to be sworn.

As to the appellant's first argument, the record on appeal shows that the court did consider whether a certain witness for the petitioner could be considered an accomplice, and properly rejected this contention as "outrageous". This witness, a boy who observed the appellant commit the act which underlies the present proceeding, cannot be considered an accomplice under any rational view of the evidence. Although the complaining witness testified that several unidentified boys were restraining him as the appellant perpetrated his act of sodomy, no inference can reasonably be drawn from this testimony that the witness in question was among them. At most, the evidence could be viewed as establishing that this witness was present at the scene and did nothing immediately to intervene as the victim was being abused. This, however, would certainly not render him accessorially liable in any respect (see generally, People v La Belle, 18 NY2d 405, 412; Matter of Jeanette Q., 119 AD2d 848). Further, even if there is some rational view of the evidence pursuant to which this witness might have been considered as an accomplice, the Family Court found, as a matter of fact, that the witness was not an accomplice, and this is a factual finding with which we are in complete agreement (see, Matter of Jeanette Q., supra). In short, the subject witness was not an accomplice, so that his testimony alone would be enough to support, without any corroboration, the juvenile delinquency adjudication (see, Family Ct Act § 343.2 [1]).

Addressing the appellant's second argument, we conclude that the Family Court improperly allowed the complaining witness to testify under oath, since he was not shown to have fully understood the significance of an oath (see, Family Ct Act § 343.1; People v Ranum, 122 AD2d 959; People v Smith, 104 AD2d 160). However, we also conclude that this witness would have been allowed to give unsworn testimony, and that such testimony, even if unsworn, when coupled with the corroborating testimony of the other chief witness for the petitioner, would have established overwhelming proof of the appellant's guilt (see, Family Ct Act § 343.1 [3] [unsworn

testimony of child must be corroborated]). It is therefore clear that the error in receiving sworn testimony from the complaining witness was harmless under the circumstances of this case.

We have examined the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.