■ In the Matter of JONATHAN M., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Demarest, J.), dated November 18, 1986, which, upon a fact-finding order of the same court, dated September 25, 1986, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crimes of robbery in the second degree, attempted assault in the second degree, and petit larceny, placed him under the supervision of the Probation Department for a period of one year. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's

motion which was to suppress the complainant's in-court identification.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We reject the appellant's contention that the evidence adduced did not establish his guilt beyond a reasonable doubt (Family Ct Act § 342.2 [2]). In cases such as this, the greatest respect must be accorded the determination of the hearing court in assessing the credibility of witnesses and resolving disputed questions of fact (see, Matter of Angel R., 134 AD2d 265; Matter of Lawrence S., 127 AD2d 772, 774; Matter of Jeanette Q., 119 AD2d 848, 849). The decision of the Family Court is accorded the same treatment as a jury verdict (see, People v Carter, 63 NY2d 530; Matter of Angel R., supra).

In the instant case, the complainant had an unhampered opportunity to view the appellant, who was among a group of youths who entered her store and removed various items of merchandise therefrom, for approximately 7 or 8 minutes. Although there were approximately 10 youths in the group, the complainant unequivocally stated that she saw the appellant throughout the entire incident from a distance of approximately 10 to 15 feet. She had also seen him in her store on several prior occasions. The complainant had a further opportunity to observe the appellant at close range as she struggled with him out in the street in an effort to retrieve some of the stolen merchandise. The appellant and other members of the group began to push and strike her until a passerby intervened and summoned the police. The appellant and another youth were apprehended by the police within approximately 10 minutes of the incident. Upon viewing the two youths in police custody, the complainant identified them as members of the group.

While the showup identification was properly suppressed, we find that the Family Court properly ruled that the complainant could make an in-court identification of the appellant. In view of the facts that the complainant had seen the appellant on several occasions prior to the robbery and that she had had an ample opportunity to view him during the commission of the crime, there was clearly an independent basis for the in-court identification (see, People v Thomas, 133 AD2d 867, 869; People v Thorpe, 134 AD2d 467; People v Harding, 134 AD2d 367).

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the

evidence (CPL 470.15 [5]). We find nothing in the evidence adduced to persuade us to disturb the Family Court's adjudication. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.