◼ In the Matter of VERNON M., a Person Alleged to be a

Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Ambrosio, J.), dated March 11, 1987, which, upon a fact-finding order of the same court dated March 4, 1987, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the seventh degree, placed him with the Division of Youth, Title III, for a period of 12 months. The appeal brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We find no basis for setting aside the Family Court's fact-finding order as contrary to the weight of the evidence. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the Family Court, as the trier of fact, which saw and heard the witnesses (see, Matter of Lawrence S., 127 AD2d 772, 774). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, Matter of Angel R., 134 AD2d 265; Matter of Jerry XX., 115 AD2d 797, lv denied 68 NY2d 601). There is nothing in the record discrediting the police officer's testimony that the appellant possessed cocaine. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.