■ In the Matter of JALAH S., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Friedman, J.), dated July 29, 1987, which, upon a fact-finding order of the Family Court, Nassau County (Ryan, J.), dated May 29, 1987, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of petit larceny, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title III, for a period of 11 months. The appeal brings up for review the fact-finding order dated May 29, 1987.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Upon the exercise of our factual review power, we are satisfied that the fact-finding order was not against the weight of the evidence (Family Ct Act § 342.2 [2]; *cf.,* CPL 470.15 [5]). Due deference must be accorded the determination of the hearing court in assessing the credibility of witnesses and resolving disputed questions of fact *(see, e.g., Matter of Jonathan M.,* 138 AD2d 710; *Matter of Angel R.,* 134 AD2d 265). The testimony of the arresting officer established that the appellant was an accomplice in the theft of a camera from Alexander's Department Store. The appellant's larcenous intent was inferable from the conduct observed by the officer, namely, the appellant's close proximity in space and time to the scene of the theft, the manner in which he looked all around as his companion took the camera from a display case and placed it in a bag, and his taking possession of the bag containing the camera as they proceeded to leave the store. Although the appellant's mere presence at the scene of the crime, even with knowledge of its perpetration, would not have rendered him accessorially liable *(see, People v La Belle,* 18 NY2d 405, 412; *People v Strawder,* 124 AD2d 758), the prosecution's proof of intent based upon circumstantial evi-

dence was sufficient. We find nothing in the record to persuade us to disturb the Family Court's adjudication. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.