■ In the Matter of Kwan M., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Deutsch, J.), dated December 21, 1988, which upon a fact-finding order of the same court, dated November 30, 1988, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title II, for a period of 12 months. The appeal brings up for review the fact-finding order dated November 30, 1988.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presenting agency (see, Matter of David H., 69 NY2d 792, 793; Matter of Anthony J., 143 AD2d 668, 669), we find that it was legally sufficient to prove beyond a reasonable doubt that the appellant committed an act which, if committed by an adult, would constitute the crime of assault in the third degree (see, Family Ct Act § 342.2 [2]). The presenting agency's evidence showed that the appellant had recklessly caused physical injury to the complainant by kicking her in the back with such force that she hit her head on a fence and fell to the ground, rendering her unconscious for a period of time.

We find no merit to the appellant's further contention that the Family Court improperly discredited the testimony of his witness, which purportedly contradicted the testimony of the complainant and her brother. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the Family Court, as the trier of fact, which saw and heard the witnesses (see, Matter of Vernon M., 144 AD2d 560, 561). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, Matter of Vernon M., supra, at 561; Matter of Angel R., 134 AD2d 265, 266). Upon the exercise of our factual review power (CPL 470.15 [5]), we find nothing in the record that persuades us to disturb the Family Court's adjudication. Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.