Matter of Shantane M.C. (2004 NY Slip Op 50167(U))

[*1]

Matter of Shantane M.C.

2004 NY Slip Op 50167(U)

Decided on March 26, 2004

Family Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 26, 2004

Family Court, Nassau County
In the Matter of a Proceeding Pursuant to Article 3 of the Family Court Act, SHANTANE M. C., A Person Alleged to be a Juvenile Delinquent, Respondent.
Index No. D-11765-2003

John G. Marks, J.
Upon the foregoing papers, Respondent Shantane C.'s motion to dismiss the Petition is denied.
On September 22, 2003, the Nassau County Attorney's Office, as Presentment Agency, instituted the instant proceeding against Respondent in Nassau County Family Court seeking a declaration of juvenile delinquency pursuant to Article Three of the Family Court Act. The Agency's Petition charged Respondent with Menacing in the Third Degree (see Penal Law § 120.15) and Attempted Assault in the Third Degree (see Penal Law §§ 110; 120[1]), based on an incident which allegedly occurred on April 22, 2003, at the Lakeville Middle Store in Lakeville, New York, when Respondent punched, took a gun out of his waistband and pointed it to a store clerk in an altercation witnessed by a store customer, one Edwin Cruz. In support of the Petition, the Presentment Agency provided a Supporting Deposition detailing the incident by Mr. Cruz, while no deposition was provided of the store clerk victim of the altercation.
Due to Respondent's non-appearance at the first court date of October 10, 2003, a warrant was issued for his arrest and, on January 9, 2004, Respondent was finally arraigned and entered a denial. This Court assigned a Law Guardian, Martha Weisel, Esq., to protect his interests as a minor. Shortly thereafter, the Law Guardian made the instant motion to dismiss the Petition, pursuant to Family Court Act § 315.1(1)(a), returnable February 25, 2004, claiming that the Petition is facially insufficient as it is merely supported by the witness's Supporting Deposition without more. In opposition, the Presentment Agency argues that the Petition is both procedurally and factually sufficient. This Court agrees.
In order for a juvenile delinquency petition to withstand a motion to dismiss, its allegations and supporting depositions must "substantially conform" to statutory jurisdictional requirements and "establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act §§ 311.2, 315.1; see Matter of Jahron S., 79 NY2d 632, 636; Matter of Detrece H., 78 NY2d 107, 110). A verified petition accompanied by sworn, nonhearsay allegations contained in supporting depositions satisfy the facial sufficiency requirement of the Family Court Act (Matter of Neftali D., 85 NY2d 631, 635).
Applying the foregoing principles to the instant matter, this Court believes that the Petition against Respondent is legally sufficient to withstand the motion to dismiss. Viewing the evidence in the light most favorable to the Presentment Agency (see People v Contes, 60 NY2d [*2]620; Matter of Jamal C., 186 AD2d 562), there is sufficient evidence to provide reasonable cause to believe that the Respondent committed the acts of juvenile delinquency charged. The eyewitness, Mr. Cruz's supporting deposition containing a narration of the altercation between the Respondent and the store clerk was based upon Mr. Cruz's personal knowledge, since he was present throughout the event, and it therefore constituted a nonhearsay supporting deposition (Family Ct Act § 311.2; see Matter of Christopher P., 260 AD2d 212, 213; Matter of Rodney J., 108 AD2d 307).
Although there was no testimonial evidence from the store clerk, "the subject witness' testimony alone would be enough to support, without corroboration, a juvenile adjudication" (Matter of Jeffery T., 138 AD2d 384; see Fam Ct Act § 343.2[1]). It may very well be the case that the Presentment Agency cannot meet its burden of proof beyond a reasonable doubt without the store clerk's testimony at a fact-finding hearing; however, that is not the basis to dismiss the Petition herein (see Matter of Neftali D., 85 NY2d 631, 635).
Nor is the Petition legally insufficient to establish the elements of the crimes of menacing and assault in the third degree (see Penal Law §§ 120.15; 120.00[1]). The eyewitness' testimony sufficiently alleged that Respondent punched the store clerk in his face, and both fell to the ground wrestling, when Respondent branded a gun at the victim clerk. The alleged actions by Respondent appear to amount to assaultive behavior against the clerk (see Matter of Gregory B., 242 AD2d 295; Matter of Jason J., 187 AD2d 652, 653), which actions demonstrated Respondent's intent to cause a physical injury or reasonable fear of death or injury (see Matter of Peter L., 233 AD2d 257, 258). As such, the Petition's allegations establish, if true, all the crimes' elements.
In accordance with the foregoing, Respondent's motion to dismiss is denied. This constitutes the Decision and Order of the Court.
Dated:March 26, 2004 ENTER:
Westbury, New York

 J.F.C.
Pursuant to Section 1113 of the Family Court Act, an appeal from this order must be taken within 30 days of receipt of the order by appellant in Court, 35 days from the date of mailing by the Clerk of the Court, or 30 days after service by a party or the law guardian upon the appellant, whichever is earliest.
Check applicable box:
 Order mailed on [specify date(s) and to whom mailed]: / Order received in Court on [specify date(s) and to whom given]: / 
[*3]
Decision Date: March 26, 2004