■ In the Matter of LEE M., a Person Alleged to be a Juvenile Delinquent, Respondent.—In a juvenile delinquency proceeding, the petitioner appeals from so much of an order of the Family Court, Richmond County (Leddy, J.), dated September 30, 1985, as granted the branch of the respondent's motion which was to dismiss the first count of the petition.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the respondent's motion which was to dismiss the first count of the petition is denied, the first count of the petition is reinstated, and the matter is remitted to the Family Court, Richmond County, for further proceedings.

The respondent was charged, *inter alia,* with committing an act which, if done by an adult, would have constituted the crime of robbery in the second degree. Specifically, the first count of the petition alleged, that "[t]he respondent, in the County of Richmond, on or about May 28, 1985, being aided by another person actually present, forcibly stole property from Vincent Demester, to wit: two gold chains". The victim, in a deposition filed in support of the petition, stated: "I did not give or authorize another to give permission to the respondent to come up to me, stop me and forcibly take two gold chains from around my neck. Respondent was aided by another person actually present".

The Family Court granted that branch of the respondent's motion which was to dismiss this count of the petition on the ground, *inter alia,* that the petition and supporting deposition failed to comply with the requirements of Family Court Act §§ 311.1 and 311.2. The petitioner appeals.

Initially, we reject the respondent's contention that the Family Court Act does not authorize the petitioner to appeal as of right the dismissal of less than all counts of a petition. Family Court Act § 365.1 (2) (a) provides that the presentment agency may take an appeal as of right from an order of the

Family Court "dismissing a petition prior to the commencement of a fact finding hearing". CPL 450.20 (1) provides that the People may appeal as of right from a pretrial criminal court order "dismissing an accusatory instrument or a count thereof". The respondent argues that the failure to include in the applicable Family Court statute the phrase "or a count thereof" reflects the Legislature's intent that only the dismissal of the petition in its entirety is appealable.

The flaw in the respondent's reasoning arises out of the fact that the presentment agency is not required to join in a single petition all offenses arising out of the same transaction (see, Family Ct Act § 311.1 [2]; § 311.6). Had the separate counts been presented in separate petitions, the petitioner undoubtedly could have appealed the dismissal of any one petition. "No good reason appears why, with the charges stated in separate counts rather than separate [petitions], a dismissal of one count should not be appealable" (People v Rossi, 5 NY2d 396, 400).

Turning to the merits of the appeal, we find that the Family Court erred in dismissing the first count of the petition. Although the allegation that the respondent "was aided by another person actually present" is stated in a conclusory manner, it is essentially a statement of fact sufficient to satisfy the statutory requirements (cf. People v Miles, 64 NY2d 731; People v Flushing Hosp. & Med. Center, 122 Misc 2d 260). Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.