■ In the Matter of CHRISTOPHER T., a Person Alleged to be a Juvenile Delinquent, Appellant.—Final order and disposition of Family Court, New York County (George L. Jurow, J.), entered on or about August 1, 1988, which adjudicated appellant a juvenile delinquent and placed him on probation for a period of 11 months pursuant to a fact-finding determination that he committed acts which if committed by an adult would constitute the crimes of attempted second degree assault, third degree assault, menacing and criminal possession of a weapon in the fourth degree, unanimously affirmed, without costs.

Appellant presents no compelling reason to overturn the court's crediting of the identification testimony of the presentment agency's witnesses. The decision of the Trial Judge sitting as trier of fact is to be accorded the same weight as that given to a jury verdict. *(Matter of Michael D.,* 109 AD2d 633, 634 [1st Dept 1985], citing *People v Carter,* 63 NY2d 530 [1984].) The presentment agency concedes on this appeal that the complainant did not suffer physical injury as a result of being struck on the arm with a baseball bat. We decline to accept the concession because such conclusion is not supported by the testimony. Complainant testified that his arm was swollen, that it was numb, and that he could not move it. That testimony, even in the absence of medical testimony, is sufficient to sustain a finding of "impairment of physical condition or substantial pain" necessary to support a finding of physical injury. (Penal Law § 10.00 [9].) The striking of the victim with a bat necessarily involved the exertion of substantially more force than the "petty slaps" associated with findings of no physical injury *(see, Matter of Philip A.,* 49 NY2d 198 [1980]), and involves impairment and pain more serious than other cases where physical injury was not found. *(See, People v Jimenez,* 55 NY2d 895 [1982]; *People v McDo-*

*well,* 28 NY2d 373 [1971].) Concur—Murphy, P. J., Kupferman, Sullivan, Carro and Rosenberger, JJ.