■ In the Matter of JAMAL V., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Schecter, J.), dated August 16, 1988, which, upon a fact-finding order of the same court, dated May 27, 1988, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of one year.

Ordered that the order of disposition is affirmed, without costs or disbursements.

A review of the record shows that the complainant, a 12-year-old seventh grader, while climbing the school stairs, approached the third floor landing. He saw the appellant standing in front of a group of boys. The appellant had a sharp bladed object in his hands. None of the other boys had any sharp objects in their hands. As the complainant passed the landing, he was stabbed in the buttocks. He turned around and saw only the appellant who was leaving the area. The complainant recognized the appellant by his distinctive clothing and because he had seen him at the school prior to the incident.

This case was tried before a court without a jury. In such cases, the greatest respect must be accorded the determination of the hearing court in assessing the credibility of witnesses and resolving disputed questions of fact *(see, Matter of Christopher T.,* 156 AD2d 190; *Matter of Angel R.,* 134 AD2d 265, 266). The decision of the Family Court is accorded the same weight as that given to a jury verdict *(see, People v Carter,* 63 NY2d 530; *Matter of Michael D.,* 109 AD2d 633, *affd* 66 NY2d 843; *Matter of Christopher T., supra; Matter of Angel R., supra).*

Viewing the evidence in the light most favorable to the petitioner *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the finding was not against the weight of the evidence (CPL 470.15 [5]). Mangano, J. P., Kunzeman, Eiber and Harwood, JJ., concur.