In the Matter of JAMES J., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (DePhillips, J.), dated January 5, 1989, which, upon a fact-finding order of the same court dated November 17, 1988, made upon a plea of guilty, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the third degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated November 17, 1988.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petition in the instant proceeding alleged, *inter alia,* that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the third degree. In his supporting deposition, the arresting officer stated that he had "observed the [appellant] in possession of a controlled substance, to wit: fifty-two (52) vials of cocaine in crack form. I further observed [the appellant] in possession of $70.00 USC". On appeal, the appellant challenges, *inter alia,* the sufficiency of the factual part of the petition, arguing that it lacks allegations establishing the element of possession *(see,* Family Ct Act § 311.2 [2]). We find otherwise and affirm. A review of the relevant provisions of the Family Court Act reveals that the petition conformed to the statutory requirements and was thus legally sufficient.

Family Court Act § 311.2 (2) states, *inter alia,* that a petition is sufficient on its face when "the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed * * * the crimes charged". These allegations must establish "every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]). Significantly, Family Court Act § 311.1 (3) (h) calls for "a plain and concise factual statement * * * which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged * * * with sufficient precision to clearly apprise the respondent of the conduct which is the subject of the accusation". The foregoing establishes that a highly detailed, factual description of the alleged criminal transaction is not mandated.

If the "non-hearsay allegations of the factual part of the petition * * * or of any supporting depositions establish, if true, every element of each crime charged", and if the petition provides reasonable cause to believe that the respondent did commit those illegal acts, then the petition is legally sufficient (Family Ct Act § 311.2 [2], [3]). The petition will not fail because otherwise sufficient statements are made in a conclusory manner *(see, Matter of Lee M.,* 126 AD2d 645). When considered within the context of the foregoing standard, it is our view that the petition was legally sufficient. Although the nonhearsay assertions by the arresting officer that the appellant was "in possession" of 52 vials of cocaine is stated in a

succinct fashion, it is nevertheless a statement of fact, which, in our view, is sufficient to satisfy the statutory requirements *(see, Matter of Lee M., supra)*.

The appellant's reliance upon authorites in which accusatory intruments were measured by the standards set forth in the Criminal Procedure Law is misplaced *(see, People v Alejandro, 70 NY2d 133; People v Dumas, 68 NY2d 729)*. Those standards call for "facts of an evidentiary character" *(see, CPL 100.15 [3])*, a requirement not specified in Family Court Act § 311.2.

We have reviewed the appellant's remaining contention and find it to be without merit. Kooper, J. P., Harwood, Balletta and Miller, JJ., concur.