■ In the Matter of BERNARD J., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Ambrosio, J.) dated May 9, 1989, which, upon a fact-finding order of the same court (DePhillips, J.), dated April 21, 1989, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, adjudged him to be a juvenile delinquent and placed him with the Division of Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated April 21, 1989.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the petitioner *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Although there are certain inconsistencies between the testimony of the complainant at the hearing and at an interview with a police officer shortly after the incident, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the fact-finder, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Since this case was tried before a court without a jury, the greatest respect must be accorded the determination of the hearing court in assessing the credibility of witness and resolving disputed questions of fact *(see, Matter of Jamal V.,* 159 AD2d 507; *Matter of Angel R.,* 134 AD2d 265, 266). The decision of the Family Court is accorded the same weight as that given to a jury verdict *(see, People v Carter,* 63 NY2d 530; *Matter of Michael D.,* 109 AD2d 633, *affd* 66 NY2d 843). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the credible evidence *(see,* CPL 470.15 [5]).

We have reviewed the appellant's remaining contention and find it to be unpreserved for appellate review and, in any event, without merit *(see, Matter of James J.,* 160 AD2d 699, 700, *affd* 76 NY2d 883). Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.