In the Matter of NIKIM A., a Person Alleged to be a Juvenile Delinquent, Appellant.

Viewing the evidence in the light most favorable to the presentment agency *(cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. This proceeding was commenced against the appellant based on the allegation of the

arresting officer that he possessed a loaded handgun. The appellant contends that his testimony at the fact-finding hearing was sufficient to make out a defense of temporary, innocent possession of the handgun which the presentment agency was required to disprove beyond a reasonable doubt *(see, People v Almodovar,* 62 NY2d 126; *People v Williams,* 50 NY2d 1043; *People v Montgomery,* 106 AD2d 410; *cf., People v Banks,* 76 NY2d 799). Since this case was tried before the court without a jury, great deference should be accorded the determination of the court in assessing credibility and resolving disputed questions of fact *(see, Matter of Bernard J.,* 171 AD2d 794; *Matter of Jamal V.,* 159 AD2d 507; *Matter of Lavon S.,* 150 AD2d 460). The Family Court's decision indicates that it totally rejected the appellant's explanation for what he claimed was a momentary possession of the loaded handgun and credited the arresting officer's testimony that he observed the appellant remove the handgun from his waistband and throw it into the bushes. Giving due regard to the Family Court's determination of credibility, we find that the agency met its burden of disproving the defense beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the court's determination was not against the weight of the evidence. Kunzeman, J. P., Sullivan, Eiber and O'Brien, JJ., concur.