■ In the Matter of JUDAH J., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Friedman, J.), dated April 12, 1990, which, upon a fact-finding order of the same court, dated February 6, 1990, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated February 6, 1990.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court's fact-finding order was against the weight of the evidence because the complainant's description of the occurrence revealed that she had no opportunity to observe the identity of her assailant. We disagree. The complainant unequivocally testified that she observed the appellant shake open the blade of a box cutter and slash her arm, and the Family Court fully credited the complainant's testimony. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the fact-finder,

which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Moreover, since this case was tried before a court without a jury, "great deference should be accorded the determination of the [hearing] court in assessing the credibility [of witnesses] and resolving disputed questions of fact" *(Matter of Nikim A.,* 179 AD2d 638; *Matter of Bernard J.,* 171 AD2d 794; *Matter of Jamal V.,* 159 AD2d 507). Upon the exercise of our factual review power, we are satisfied that the court's determination was not against the weight of the evidence *(cf.,* CPL 470.15 [5]). Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.