◼ In the Matter of ANTHONY H., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Clark, J.), dated August 16, 1990, which upon a fact-finding order of the same court, dated June 11, 1990, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of criminal sale of a controlled substance in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated June 11, 1990.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant was convicted of the sale of cocaine to an undercover police officer. On appeal, the appellant contends that the undercover officer's testimony was implausible and inconsistent and, therefore, the conviction was against the weight of evidence. However, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94; *see also, Matter of Dennis N.,* 110 AD2d 703). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88; *see also, Matter of Jamal V.,* 159 AD2d 507).

On the record before us we find no basis to disturb the Family Court's determination that the undercover officer's testimony was credible. Moreover, upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the credible evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Lawrence, Rosenblatt and Santucci, JJ., concur.