■ In the Matter of ANDRE A., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Demarest, J.), dated April 2, 1990, which, upon a fact-finding order of the same court, dated February 5, 1990, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him on probation for one year. The appeal brings up for review the fact-finding order dated February 5, 1990.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the petitioner (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. The complainant testified at the hearing that, while he was riding the bus home from school, the appellant, aided by other students, stole a chain from around his neck. The hearing court found the complainant's identification testimony to be credible, in that he watched the appellant on the bus and recognized him from school. The case was tried before a court without a jury and great respect must be accorded the determination of the hearing court in assessing credibility (see, *Matter of Nikim A.*, 179 AD2d 638; *Matter of Bernard J.*, 171 AD2d 794; *Matter of Jamal V.*, 159 AD2d 507). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.