■ In the Matter of CHAKA A., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lauria, J.), dated July 22, 1991, which, upon a fact-finding order of the same court, dated May 7, 1991, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fifth degree and criminal possession of stolen property in the fifth degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated May 7, 1991.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court's finding was against the weight of the evidence because the complainant, in reporting the offense to her high school dean, did not advise

him that the appellant was one of the group of teenagers who surrounded her and stole her jewelry. We disagree. The complainant unequivocally testified at the fact-finding hearing that the appellant participated in the offense, first by pointing her out to the group of teenagers who accosted her, and then by snatching three chains from around her neck. The Family Court credited the complainant's testimony, and rejected the appellant's argument that the complainant had provided an inconsistent version of the offense to her school dean. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the fact-finder, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Moreover, since this case was tried before a court without a jury, the greatest respect must be accorded the determination of the hearing court in assessing the credibility of witnesses and resolving disputed questions of fact (Matter of Judah J., 182 AD2d 621, 622; Matter of Nikim A., 179 AD2d 638; Matter of Bernard J., 171 AD2d 794; Matter of Jamal V., 159 AD2d 507). Upon the exercise of our factual review power, we are satisfied that the court's determination was not against the weight of the evidence (cf., CPL 470.15 [5]). Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.