■ In the Matter of RAH-KIN S., a Person Alleged to be a Juvenile Delinquent, Appellant. [597 NYS2d 142] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Schindler, J.), dated January 7, 1992, which, upon a fact-finding order of the same court, dated December 4, 1991, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of criminal facilitation in the fourth degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of 12 months. The appeal brings up for review the fact-finding order dated December 4, 1991.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The sole contention raised on this appeal is that the finding of the Family Court was against the weight of the evidence. We are satisfied that it was not (see, CPL 470.15 [5]). The court heard conflicting accounts of the appellant's role in a crack cocaine sale from both the appellant and the undercover

narcotics officer who had dealt with him. The officer ultimately purchased the drugs from another person, who was also apprehended. The Family Court expressly found the officer to be credible and the appellant not to be credible. Great deference should be accorded to the Family Court's determinations in assessing credibility and resolving disputed questions of fact *(Matter of Judah J.,* 182 AD2d 621; *Matter of Nikim A.,* 179 AD2d 638; *Matter of Jamal V.,* 159 AD2d 507). Further, the decision of the Family Court is accorded the same weight as that given to a jury verdict *(see, People v Carter,* 63 NY2d 530; *Matter of Jamal V., supra).* We find nothing in the record which so clearly undermines the account of the transaction provided by the undercover officer that the Family Court's findings of fact must be overturned. Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.