■ In the Matter of Aaron B., a Person Alleged to be a Juvenile Delinquent, Appellant. [599 NYS2d 1002] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Ambrosio, J.), dated May 1, 1991, which, upon a fact-finding order of the same court, dated January 17, 1991, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of robbery in the

second degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated January 17, 1991.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The issue of whether the petitioner adduced legally sufficient evidence to establish the appellant's identity is unpreserved for appellate review (see, People v Robinson, 187 AD2d 739; People v Williams, 187 AD2d 547; see also, People v Bynum, 70 NY2d 858). In any event, viewing the evidence in the light most favorable to the petitioner (cf., People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant was present at the time of the robbery of the complainant and participated in the crime as a lookout.

Since the case was tried before a court without a jury, the greatest respect must be accorded the determination of the hearing court in assessing the credibility of the witness and resolving disputed questions of fact (see, Matter of Nikim A., 179 AD2d 638; Matter of Bernard J., 171 AD2d 794). Upon the exercise of our factual review power, we are satisfied that the court's determination was not against the weight of the evidence (cf., CPL 470.15 [5]). Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.