■ In the Matter of PAUL L., a Person Alleged to be a Juvenile Delinquent, Appellant. [634 NYS2d 186] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) an order of disposition of the Family Court, Kings County (Schechter, J.), dated February 24, 1993, which, upon a fact-finding order of the same court dated January 28, 1993, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have

constituted the crime of criminal possession of a controlled substance in the seventh degree, adjudged him to be a juvenile delinquent and placed him in nonsecure detention with the Division for Youth for a period of 12 months, and (2) an order of disposition of the same court (Martinez-Perez, J.), dated March 9, 1993, which, upon a fact-finding order of the same court dated February 9, 1993, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree (two counts), and criminal possession of a controlled substance in the seventh degree, adjudged him to be a juvenile delinquent and placed him in nonsecure detention with the Division for Youth for a period of 12 months, concurrently with the first detention. The appeals from the orders of disposition bring up for review the fact-finding orders.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

We disagree with the appellant's contention that the case under Kings County Docket No. 831/93 should have been dismissed for failure to prosecute or in the furtherance of justice on the ground of "exceptionally serious misconduct" of the presentment agency (Family Ct Act § 315.2 [1] [c]). A presentment agency is not required to join in a single petition all offenses arising out of the same underlying circumstances (see, Matter of Lee M., 126 AD2d 645, 646). The appellant's argument that the delay by the presentment agency in filing the instant petition made it impossible to consolidate this case with a previous case purportedly arising out of the same circumstances pursuant to Family Court Act § 311.6 (4) is without merit. The crimes shared no elements and were, therefore, separate and distinct criminal transactions and not joinable in accord with Family Court Act § 311.6. Accordingly, the crimes were properly charged in separate petitions (see, Matter of Lee M., supra).

Moreover, the record does not support the appellant's contention that the presentment agency delayed the case deliberately as part of a strategy. Thus, contrary to the appellant's assertion, the delay in prosecuting the drug charges did not constitute "any exceptionally serious misconduct of law enforcement personnel in the * * * presentment of the petition" (Family Ct Act § 315.2 [1] [c]).

We further find that it cannot reasonably be maintained that the court's findings in this case were "manifestly errone-

ous or so plainly unjustified by the evidence that the interests of justice necessitate their nullification" *(People v Garafolo,* 44 AD2d 86, 88). Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses. The Family Court's factual findings and credibility determinations are entitled to great weight on appeal, and its ultimate conclusion is accorded the same deference as a jury verdict *(see, Matter of Bernard J.,* 171 AD2d 794; *Matter of Jamal V.,* 159 AD2d 507; *Matter of Y. K.,* 213 AD2d 638). There is nothing in the record to support the appellant's conclusory assertion that the arresting officer's testimony "has all the appearances of having been patently tailored to nullify constitutional objections". On the contrary, the officer's testimony at the hearing shows consistency, good recall, and forthrightness. Moreover, she was subjected to a lengthy and thorough cross-examination during which her testimony remained consistent. Thus, the court's implicit finding that the officer's testimony was credible should not be disturbed.

We find no merit to the appellant's remaining contentions. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.