■ In the Matter of DENNIS M., a Person Alleged to be a Juvenile Delinquent, Appellant. [638 NYS2d 710] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court,

Suffolk County (Pach, J.), entered March 28, 1994, which, upon a fact-finding order of the same court dated February 28, 1994, made after a hearing, finding that the appellant had committed acts, which if committed by an adult, would have constituted the crimes of sexual abuse in the first degree, rape in the first degree, and sodomy in the first degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of three years. The appeal brings up for review the fact-finding order dated February 28, 1994.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (cf., People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the appellant's guilt beyond a reasonable doubt.

We reject the appellant's contention that the Family Court did not accord the proper weight to the evidence that was presented at the fact-finding hearing. There was some evidence that might have contradicted the complainant's testimony about what she could or could not see from a girls' bathroom in the school where the attack occurred and what she did after she identified the appellant in the school cafeteria. There was also some evidence that impeached the complainant's testimony about the location of the attack and whether or not others were present at that location. However, resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the trier-of-fact, which saw and heard the witnesses (cf., People v Gaimari, 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record (see, Matter of Judah J., 182 AD2d 621; cf., People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power we are satisfied that the findings of fact are not against the weight of the evidence (cf., People v Hobot, 200 AD2d 586, affd 84 NY2d 1021; see, Matter of Kyle O., 205 AD2d 541). O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.