■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED HUTZENLAUB, Appellant. [697 NYS2d 640] —Appeal by the defendant from two judgments of the County Court, Suffolk County (Cacciabaudo, J.), both rendered June 10, 1997, convicting him of robbery in the first degree (three counts) under Indictment No. 712/95, upon a jury verdict, and imposing sentence, and robbery in the first degree (four counts), robbery in the second degree (two counts), and assault in the first degree, under Indictment No. 1159/96, upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant's contention that the trial court improperly joined the two indictments for trial is without merit. The indictments were predicated on the same or similar statutory provisions (*see,* CPL 200.20 [2]; *People v Gardner,* 186 AD2d 818; *People v Edwards,* 160 AD2d 720), and the robberies were of such a nature that proof of one was admissible as evidence-in-chief upon a trial of the others (*see,* CPL 200.20 [2] [b]; *People v Allweiss,* 48 NY2d 40; *People v Herrin,* 187 AD2d 670).

Moreover, we find no merit to the defendant's claim that he was deprived of the effective assistance of counsel. The defendant received meaningful representation from his trial counsel, who presented competent opening and closing statements, vigorously cross-examined the People's witnesses, and made appropriate objections. Thus, viewing the evidence, the law, and the circumstances of the case together as of the time of representation, we find that the defendant was not deprived of the effective assistance of counsel (*see, People v Flores,* 84 NY2d 184; *People v Baldi,* 54 NY2d 137; *People v Cabo,* 228 AD2d 689; *People v Aguilar,* 224 AD2d 704).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., O'Brien, Ritter and Schmidt, JJ., concur.