■ In the Matter of DANIEL D., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [799 NYS2d 821]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Orange County (Klein, J.), entered December 22, 2004, which dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to Family Court, Orange County, for further proceedings consistent herewith.

In a prior petition dated October 26, 2004, filed under docket Number D-5532/04, the Presentment Agency alleged that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, based upon the supporting depositions of the complainant and two eyewitnesses. While that petition was pending, the Presentment Agency filed the instant petition dated December 10, 2004, under docket Number D-6530/04, alleging that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal mischief in the fourth degree and attempted assault in the third degree based upon the same

supporting depositions of the complainant and two eyewitnesses, and a deposition of the complainant's father stating that the complainant's eyeglasses which were broken during the incident were worth in excess of $250.

The order appealed from dismissed the petition dated December 10, 2004, on the ground that it was an attempt to amend the prior petition "in direct contravention of . . . Family Court Act 311.5 which specifically disallows the amendment of a petition for the purpose of curing [a] failure to charge or state a crime." We reverse.

The authority of the Family Court to dismiss a juvenile delinquency petition "is governed by statute, and is available only in carefully delineated circumstances" (*Matter of Robert O.*, 87 NY2d 9, 14 [1995]). In the instant case, no such circumstances were present.

We note that there was no determination in the record that the prior petition was defective. Where petitions allege crimes which are joinable in a single petition by reason of being based upon the same act or criminal transaction, the remedy is consolidation, not dismissal of the second petition (*see* Family Ct Act § 311.6 [4]).

Moreover, if the first petition had been dismissed for failure to state a crime, the proper remedy would have been to file a new petition (*see Matter of Robert O., supra* at 14; *Matter of Detrece H.*, 78 NY2d 107, 111 [1991]). Adams, J.P., Goldstein, Crane and Skelos, JJ., concur.