█ In the Matter of JONATHAN A., a Person Alleged to be a Juvenile Delinquent, Appellant. [831 NYS2d 179]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated July 8, 2005, which, upon a fact-finding order of the same court dated May 31, 2005 made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent, and, among other things, placed him on probation for a period of 15 months. The appeal brings up for review the fact-finding order dated May 31, 2005.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 15 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant contends that the presentment agency failed to adduce legally sufficient evidence of his identity as one of the assailants and that the Family Court's findings of fact were against the weight of the evidence. The issue of whether the presentment agency adduced legally sufficient evidence to establish the appellant's identity is unpreserved for appellate review since he did not raise this claim at the hearing (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20 [1995]; *Matter of Hector R.,* 248 AD2d 390 [1998]; *Matter of Aaron B.,* 194 AD2d 666, 667 [1993]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Marcel F.,* 233 AD2d 442 [1996]), we find that it was legally sufficient to establish the appellant's identity as one of the assailants beyond a reasonable doubt.

The complainant observed the appellant during the incident under good lighting conditions, and subsequently identified the appellant at a showup that took place one hour after the incident and in the same building where the incident occurred. Contrary to the appellant's contention, it cannot be said that the identification testimony of the complainant was insufficient to establish the appellant's identity as one of the assailants (*see e.g. People v Rodgers,* 6 AD3d 464, 465 [2004]; *People v Terrill,* 265 AD2d 587 [1999]; *People v Baptiste,* 201 AD2d 659, 660-661 [1994]; *People v Bryan,* 179 AD2d 667 [1992]).

Moreover, "[w]hen a witness positively identifies a person as the perpetrator of a crime, the weight of the evidence of identification is a question primarily for the fact finder, unless

it is incredible as a matter of law" (*Matter of Ryan W.,* 143 AD2d 435, 436 [1988]; *see Matter of Bryan C.,* 23 AD3d 652 [2005]). Upon the exercise of our factual review power, we are satisfied that the Family Court's findings were not against the weight of the evidence (*cf.* CPL 470.15 [5]). Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.