■ In the Matter of Devon R., a Person Alleged to be a Juvenile Delinquent, Appellant. [855 NYS2d 906]—In two related juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeal is from (1) an order of disposition of the Family Court, Queens County (Bogacz, J.), dated May 15, 2007, which, upon a fact-finding order of the same court dated March 13, 2007, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and grand larceny in the fourth degree (docket No. D2552/07), adjudged him to be a juvenile delinquent and placed him on probation for a period of 24 months, and (2) an order of disposition of the same court, also dated May 15, 2007, which, upon a fact-finding order of the same court dated March 13, 2007, made upon the appellant's admission, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree (docket No. D2571/07), adjudged him to be a juvenile delinquent and placed him on probation for a period of 24 months.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court did not improvidently exercise its discretion in denying his motion to consolidate the separate petitions (*see* Family Ct Act § 311.6; *cf.* CPL 200.20; *People v Conigliaro*, 290 AD2d 87, 90 [2002]; *People v Hutzenlaub*, 265 AD2d 574 [1999]; *accord Matter of Lee M.*, 126 AD2d 645, 646 [1987]). The appellant's contention that denial of his motion prejudiced him because it potentially subjected him to designated felony charge status if he is rearrested (*see* Family Ct Act § 301.2 [8] [vi]), is not properly before this Court, as it is raised for the first time on appeal (*see Matter of Stephen H.*, 251 AD2d 664, 665 [1998]). Fisher, J.P., Ritter, Florio and Carni, JJ., concur.