OPINION OF THE COURT
Alan Beckoff, J.
Respondent Christian M., age 11, is charged as a juvenile delinquent with committing acts that would constitute sexual abuse in the first degree and related offenses if he were age 16 or older. The presentment agency filed two separate designated felony petitions using the same supporting depositions by the same two complainants. Besides describing the acts respondent committed against them, one victim claimed to be the other’s eyewitness, and vice versa. Respondent’s counsel moved to consolidate the petitions but have the court conduct separate fact-finding hearings as well as separate pretrial Huntley hearings. In response, the presentment agency opposed consolidation but asked the court to hold one combined Huntley hearing followed by one combined fact-finding hearing.
Under Family Court Act § 311.6, it is the presentment agency or the respondent who may ask for the consolidation of petitions; there is no provision in the statute for the court to take any such action of its own accord. But since respondent here has made the application and the presentment agency has made a counterproposal, the question is before the court to decide. After due consideration of the submissions by counsel,[1] the court has concluded that both sides misunderstand the statute and how it should be applied in this case. The petitions should be consolidated and there should be one fact-finding hearing preceded by one Huntley hearing.
The Petitions
The presentment agency filed two petitions against respondent, each charging as the top count criminal sexual act in the *739 first degree, a violation of Penal Law § 130.50 (3), as a designated felony. While the petitions are not identical, both mainly allege acts committed by respondent on or about September 2, 2016. Docket No. E17301/16 has 10 counts, including course of sexual conduct against a child, Penal Law § 130.75 (1) (a), and incest in the first and third degrees, Penal Law §§ 255.27 and 255.25. Except for the course of sexual conduct count, which alleges that respondent’s actions took place from January through June 2016, the remaining counts allege that the acts committed by respondent occurred on or about September 2, 2016. Docket No. E17302/16, on the other hand, has four counts, all of which allege that respondent’s acts also occurred on or about September 2, 2016.
Both petitions have the same supporting depositions from the six- and seven-year-old complainants and a parent of each of them. For docket No. E17301/16, in what the court will call the “primary” victim supporting deposition, seven-year-old Phoenix S. alleges that respondent, who is his half brother, committed sexual acts against him at his grandparents’ home in Brooklyn “[t]he night before I went to Pennsylvania.” Phoenix further states that “[o]n the same night” he saw respondent “do the same thing” to his cousin Amora. In a second supporting deposition, Phoenix’s father provides a specific Kings County address for the grandparents’ home and also gives September 1, 2016 as the evening that he dropped off Phoenix at their home for a sleepover prior to a family trip to Pennsylvania.
The third supporting deposition in this petition is by six-year-old Amora J., respondent’s younger cousin. He states that “[t]his summer . . . [o]ne night” at his grandparents’ home in Brooklyn, respondent committed sexual acts against him and he saw respondent also do similar things to Phoenix. Amora also placed the date as the night before “we were supposed to go to Transylvania.” Then, in her supporting deposition, Amo-ra’s mother states that she took Amora to her father’s home in Brooklyn, the same address given by Phoenix’s father, on September 2, 2016 in preparation for a trip to Pennsylvania. She points out that Amora calls Pennsylvania Transylvania.
All of these supporting depositions are attached to the docket No. E17302/16 petition, the one in which Amora is the “primary” victim. But there are different supporting depositions from Detective (Det.) Jessica Fuentes of the Brooklyn Child Abuse Squad attached to each petition. In her deposition *740 on docket No. E17301/16, Det. Fuentes summarizes a Miran-dized statement made by respondent, in which he admits committing sexual acts against Phoenix between January 2016 and June 2016 at his grandmother’s house. In her deposition on docket No. E17302/16, Det. Fuentes states that after being Mirandized, respondent stated that he “humped” Amora at his grandmother’s home sometime between May and June 2016. The respondent made both statements during the same interview with Det. Fuentes.
Respondent’s Motion
In an omnibus motion, respondent moved to join the counts in the two petitions into one petition but to have the court conduct separate hearings for each complainant.[2] Respondent argues that there should be only one petition because the two petitions name two separate complainants but mainly involve sexual offenses allegedly committed against both of them on the same evening. Even so, respondent goes on to argue that the court should nevertheless try each complainant’s allegations separately “in the interest of justice and [for] good cause.” (Supporting affirmation of Adam Starritt at 3, ¶[ 11, citing Family Ct Act § 311.6 [3].)
The presentment agency countered that the two petitions should not be consolidated because, it argues, the acts alleged are not based on the same act or the same criminal transaction. It points out that the course of sexual conduct and incest charges in docket No. E17301/16 do not appear in docket No. E17302/16, and that while Phoenix witnessed all of the sexual acts respondent allegedly committed against Amora on September 2, 2016, Amora did not witness all of the sexual acts respondent allegedly committed against Phoenix because some of those acts occurred on a range of dates other than September 2. But while the presentment agency opposed consolidation, frankly stating that “joining the petitions would serve no purpose other than to decrease the amount of possible designated felony dockets in which the Court can make a finding against- the Respondent,” it also opposed separate trials “with respect to each complainant [because that] would only result in a waste of judicial resources and lead to the witnesses *741 testifying multiple times.” (Supporting affirmation of Christine Garcia at 6, ¶ 16.)[3]
Joinder, Severance, and Consolidation
When two crimes are based on the same act or same criminal transaction, they are “joinable and may be included as separate counts in the same petition.” (Family Ct Act § 311.6 [1] [a].) If the crimes are based on different criminal transactions, they may still be joined in the same petition if they
“are of such nature that either proof of the first crime would be material and admissible as evidence in chief upon a fact-finding hearing of the second, or proof of the second would be material and admissible as evidence in chief upon a fact-finding hearing of the first.” (Family Ct Act § 311.6 [1] [b].)
A “criminal transaction” is defined as “conduct which establishes at least one crime, and which is comprised of two or more or a group of acts ... so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident.” (Family Ct Act § 311.6 [2] [a].)
There may be a scenario where two or more crimes (or groups of crimes) charged in a petition are based on different criminal transactions but the crimes are “defined by the same or similar statutory provisions.” (Family Ct Act § 311.6 [1] [c].) In that case, “the court, in the interest of justice and for good cause shown, may upon application of either the respondent or the presentment agency” sever any one of those crimes (or groups of crimes) from others charged in the petition and try them separately. (Family Ct Act § 311.6 [3].)
“[The] presentment agency is not required to join in a single petition all offenses arising out of the same underlying circumstances.” (Matter of Paul L., 221 AD2d 631, 632 [2d Dept 1995], citing Matter of Lee M., 126 AD2d 645 [2d Dept 1987].) For example, in Matter of Daniel D. (21 AD3d 488 [2d Dept 2005]), the presentment agency filed a petition charging the respondent with third-degree assault with the supporting depositions of the complainant and two eyewitnesses. Several weeks later, it filed a second petition against respondent, now charging him with criminal mischief and attempted assault, but based on the same supporting depositions. The court *742 dismissed the second petition, saying that it was an impermissible amendment of the first under Family Court Act § 311.5. The Appellate Division, Second Department, reversed that dismissal. “Where petitions allege crimes which are joinable in a single petition by reason of being based upon the same act or criminal transaction, the remedy is consolidation, not dismissal of the second petition.” (21 AD3d at 489.)
On the other hand, where the crimes charged in separate petitions have no common elements and are based on “separate and distinct” criminal transactions, they are not joinable. {Paul L., 221 AD2d at 632.)
As the Second Department said in Daniel D., where charges have not been joined in drafting, multiple petitions can be consolidated. (Family Ct Act § 311.6 [4].) In a situation where a respondent is the subject of two (or more) petitions charging different crimes that could be joinable in a single petition (for any of the reasons stated in subdivision [1] of the statute), the court may, on the application of either side, consolidate the petitions and treat them as one petition for trial purposes. A motion for such consolidation is determined at the court’s discretion. (Matter of Devon R., 51 AD3d 676 [2d Dept 2008].) But where there is more than one petition against a respondent and the crimes charged would be joinable because they are based on the same act or same criminal transaction (subdivision [1] [a]), if the respondent requests consolidation, the court must grant it unless there is good cause to the contrary.
Decision
Section 311.6, like much of the Family Court Act, is not exactly a model of clarity. This, in the court’s view, leads family court practitioners to conflate joinder and consolidation, and to use the terms interchangeably when these are two distinct concepts. Simply put, the presentment agency joins charges (or not) when it drafts petitions; it is the court that consolidates petitions (or not) when charges might be joinable. Consolidated petitions join all of the charges into a single petition for one hearing. If, under subdivision (3), some of the charges should be severed and tried separately, the court may also do that.[4]
Both the respondent and the presentment agency here are trying to have it both ways. In his motion, respondent picks *743 from the various subdivisions of Family Court Act § 311.6. He argues that there should be just one petition because while there are two complainants, the two petitions “primarily concern one event . . . that allegedly occurred on or about the evening of September 2, 2016.” (Starritt affirmation at 3, ¶ 9.) This seems to invoke subdivision (1) (a). But then, pointing to subdivisions (1) (c) and (3), respondent says that the crimes charged are joinable because they are based on the same or similar statutory provisions even though they arose from different criminal transactions, so in the interest of justice and for good cause, the two petitions should be joined into one and the crimes should be tried separately. (Starritt affirmation at 3, H 10-13.)
Not only does this argument sound contradictory, but the court does not see how severing the counts of course of sexual conduct against a child and incest in docket No. E17301/16 and trying them separately—if that is what respondent is actually seeking—is in the interest of justice and based on good cause. This is so even though incest is defined in article 255 of the Penal Law, not the “same or similar statutory provision,” article 130, as the other counts. But the acts underlying second and first-degree incest are defined in article 130. (See Penal Law §§ 255.26, 255.27.) Third-degree incest (Penal Law § 255.25) does not refer to an article 130 underlying crime, but in any event, at least some sexual conduct would have to be established to prove any charge of incest. (See William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 255.25 at 276-277.) Severance here means that for the presentment agency to establish just the course of sexual conduct and/or incest counts, seven-year-old Phoenix S. would have to testify twice.
The presentment agency’s reading of the statute is also contradictory. It argues that the petitions should not be consolidated because this would reduce the number of findings the court could make against the respondent, but then asks the court, in the interest of judicial economy, to hold one hearing. This is not how the statute works. It is indeed the presentment agency’s prerogative to file multiple petitions charging offenses arising out of the same circumstances with, as here, the stated purpose of maximizing the respondent’s exposure to designated felony findings. The presentment agency appears to agree that this should not be done at the expense of traumatizing the six-year-old and seven-year-old *744 victims, who, to that end, would each have to testify twice about being sexually assaulted and witnessing the same thing happen to the other. So if the complainants are to testify just once, which they should, it is because the statute requires that consolidated petitions be treated as a “single petition.” (Family CtAct§ 311.6 [4].)
Also, there is no good reason for the court to conduct separate Huntley hearings. This is more a matter of judicial economy than fairness to very young witnesses. Detective Fuentes should have to testify just once about her interview of the respondent and the statements he made. If the respondent or his parent testified, that should also be done in a single hearing.
Here, all of the charges in both petitions—with the possible exception of the one count of course of sexual conduct against a child in docket No. E17301/16—could have been joined by the presentment agency for any or all of the reasons provided for in Family Court Act § 311.6 (1): they are based on the same act or same criminal transaction; even if they weren’t, proof of the crimes in one petition is material and admissible as evidence-in-chief at a fact-finding hearing of the other; and the crimes are defined under the same or similar statutory provisions (mainly article 130 of the Penal Law). The petitions were filed the same day and are based on all the same supporting depositions (except for those of Det. Fuentes, which are about two different statements respondent made during a single interview).
This court, in its discretion, is going to consolidate the two petitions and treat them as one for the purpose of the Huntley hearing and the fact-finding hearing. And if respondent’s counsel is really asking for consolidation on the grounds that the offenses committed happened on the same evening—meaning they are part of the same criminal transaction—the court finds no good cause to the contrary and so would be compelled to order it anyway.
The court grants respondent’s motion to the extent that it is ordering the consolidation of the petitions but with a combined Huntley hearing to precede a combined fact-finding hearing on all charges.

. The court did not direct oral argument on this motion, nor was any requested. (Uniform Rules for Fam Ct [22 NYCRR] § 205.11 [d].)

. Respondent also moved to suppress respondent’s statements to Det. Fuentes or, alternatively, for a pretrial Huntley hearing.

. The presentment agency did not oppose the court granting respondent’s motion for a pretrial Huntley hearing, which it said should also be consolidated into one hearing on both dockets.

. Severance of trials for corespondents is an entirely different subject. (Family Ct Act § 311.3.)