■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERICK JACKSON, Also Known as ERIC KNIGHT, Respondent. [603 NYS2d 558] —Appeal by the People from an order of the Supreme Court, Kings County (Slavin, J.), dated June 12,

1992, which granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered March 2, 1981, convicting him of murder in the second degree (six counts) and arson in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

In this arson case, the Supreme Court ordered a new trial based on the prosecution's failure to disclose exculpatory evidence in its possession, as well as statements made by prosecution witnesses (see, Brady v Maryland, 373 US 83; People v Rosario, 9 NY2d 286, cert denied 368 US 866).

At the hearing held pursuant to the defendant's motion to vacate his judgment pursuant to CPL 440.10, Harold Dugan, a retired New York City Police Detective who was an arson expert for the People at the defendant's trial, testified. Dugan stated that, during the course of the prosecution against the defendant, he had told "several" Assistant District Attorneys that the fire in question was "an accident". Dugan also testified that he had told prosecutors that he believed evidence of arson had been fabricated, and that the fire had resulted from an electrical overload. Dugan also testified that he had told prosecutors that he had grave reservations about the way that fire department personnel had investigated the blaze and the conclusions that they had drawn as to its cause. None of this exculpatory information was ever disclosed to the defense.

Although the People argue that Dugan's testimony at the hearing was incredible as a matter of law, it is well settled that issues of credibility are primarily questions to be determined by the finder of facts, who saw and heard the witnesses (see, e.g., People v Grajales, 187 AD2d 631, 632; see also, People v Gaimari, 176 NY 84, 94). Moreover, it is equally well established that the hearing court's determination will generally be accorded great weight on appeal and will generally not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88; see also, Matter of Chaka A., 187 AD2d 509; People v Mitchell, 184 AD2d 737). Contrary to the People's contention, Dugan's testimony was not incredible as a matter of law.

Additionally, at the hearing it was established that the prosecution never disclosed relevant portions of an intra-office memorandum of the District Attorney's office that contained a summary of statements made by the other expert who testified for the prosecution at trial, Fire Marshal Charles King. Among other things, these statements raise serious questions

concerning the investigatory techniques employed by the Fire Marshals in this case.

Under such circumstances, the defendant established that there was a reasonable probability that the result in this case would have been different had the People disclosed the afore-mentioned exculpatory information (see, People v Vilardi, 76 NY2d 67; People v Nedrick, 166 AD2d 725, 727).

At the hearing, the defendant established that a prosecutor had destroyed notes he had taken at interviews with Dugan. As mentioned, statements by Fire Marshal King contained in an intra-office memorandum call into question the various aspects of the fire department's investigation into the incident. Under such circumstances, and particularly in light of Dugan's opinion that the cause of the fire was accidental, we conclude that there was a reasonable possibility that the failure to disclose the notes and statements contributed to the verdict (see, People v Jackson, 78 NY2d 638, 648-649; see also, People v Wallace, 76 NY2d 953, 955).

Upon the foregoing, the Supreme Court properly vacated the defendant's conviction and ordered a new trial. Thompson, J. P., Balletta, Miller and Joy, JJ., concur.