■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH STEVENS, Respondent. [608 NYS2d 83] —Appeal by the People from an order of the Supreme Court, Kings County (Owens, J.), dated December 11, 1992, which granted the defendant's motion pursuant to CPL 440.10 to vacate a prior judgment of the same court (Finnegan, J.), rendered February 28, 1986, convicting the defendant of robbery in the first degree, grand larceny in the third degree, criminal possession of stolen property in the third degree, and a violation of the Former Administrative Code of the City of New York § 436-5.0 (g), and directed a new trial.

Ordered that the order is reversed, on the law, the defendant's motion to vacate the judgment of conviction is denied, and the judgment of conviction is reinstated.

The defendant's motion to vacate the judgment was based primarily on his claim that the prosecution had failed to supply certain *Rosario* material during the course of his trial *(see, People v Rosario,* 9 NY2d 286; *see also, People v Consolazio,* 40 NY2d 446, *cert denied* 433 US 914; *People v Ranghelle,* 69 NY2d 56). In *People v Jackson* (78 NY2d 638, *on remand* 154 Misc 2d 718, *affd* 198 AD2d 301), the Court of Appeals held that, after the right of direct appeal has been exhausted, a motion to vacate a judgment of conviction pursuant to CPL article 440 based on a claim of *Rosario* error should not be granted unless the *Rosario* violation in question was actually prejudicial. We conclude that the *Rosario* material improperly withheld from the defendant in this case had no "significant impeachment value" *(People v Bianco,* 183 AD2d 284, 288) and that there is no reasonable possibility that the *Rosario* violation affected the jury's verdict. We also find that there is no reasonable possibility that the jury's verdict was affected by the *Brady* violation *(see, Brady v Maryland,* 373 US 83) cited by the defendant *(see, People v Vilardi,* 76 NY2d 67). For these reasons, we reverse and reinstate the judgment of conviction. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.