(May 17, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DHORUBA BIN WAHAD, Formerly Known as RICHARD MOORE, Respondent. [612 NYS2d 14] —Order, Supreme Court, New York County (Bruce Allen, J.), entered January 7, 1993, which, after a hearing, granted defendant's motion to vacate a judgment of conviction of the same court (Joseph A. Martinis, J.), rendered April 26, 1973, convicting defendant, after a jury trial, of two counts of attempted murder and one count of felonious possession of a weapon, and sentencing him to concurrent prison terms of 25 years to life for attempted murder to run concurrently with a term of 0 to 7 years on the remaining count, unanimously affirmed.

The hearing court correctly determined that there was a reasonable possibility that the People's failure to disclose Pauline Joseph's statements to an FBI agent on June 18 and August 11, 1971 contributed to the verdict (see, *People v Jackson*, 78 NY2d 638, 649; *People v White*, 200 AD2d 351). Those statements were not only inconsistent with Joseph's trial testimony, but pertained to events crucial to the People's theory of the case. Although the People argue that the court erroneously applied a "seldom if ever harmless" standard, rather than the "reasonable possibility" standard for determining prejudice, the court's analysis of the *Rosario* statements at issue demonstrates that a basis exists for finding *Rosario* prejudice based upon the "reasonable possibility"

standard. Concur—Murphy, P. J., Carro, Wallach, Asch and Tom, JJ. *[See,* 154 Misc 2d 405.]