101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Odell JOHNSON, Petitioner-Appellant,
v.
Christopher ARTUZ, Superintendent, Greenhaven Correctional
Facility, Respondent-Appellee.
 No. 95-2540.
 United States Court of Appeals, Second Circuit.
 July 1, 1996.
 
 1
 Jonathan Svetkey, New York City, for Appellant.
 
 
 2
 Caroline R. Donhauser, Asst. Dist. Atty., Brooklyn, NY, for Appellee.
 
 
 3
 Present: NEWMAN, Chief Judge, JACOBS, Circuit Judge, CHATIGNY,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 6
 Petitioner-appellant Odell Johnson appeals from the August 17, 1995, judgment of the District Court denying his petition for a writ of habeas corpus. On July 18, 1986, petitioner was convicted in the New York Supreme Court (Kings County), after a jury trial, of one count of murder and two counts of criminal possession of a weapon, and sentenced to imprisonment. He contends that his counsel was ineffective for failing to raise on direct appeal two issues: (1) a claim of a Brady violation and (2) a claim that the state trial court erred in failing to suppress identification testimony. Appellate counsel instead challenged several prejudicial remarks that the prosecutor made during summation. We agree with the District Court that petitioner is not entitled to relief based on ineffective assistance of appellate counsel.
 
 
 7
 Petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness" and that counsel's deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to Strickland 's first prong, we have previously stated that, although an attorney need not advance every colorable argument that could be made, "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.), cert. denied, 115 S.Ct. 81 (1994).
 
 
 8
 However, even if petitioner were correct that either the Brady or identification issue was "significant and obvious" as compared to the claim of prosecutorial misconduct, petitioner would not be entitled to relief because he fails to satisfy the prejudice prong of the Strickland test. In order to demonstrate prejudice, petitioner must demonstrate "a reasonable probability" that the state appellate court would have reversed his conviction or granted him a new trial if counsel had raised the Brady or identification issues on direct appeal. See Strickland, 466 U.S. at 694. We discern no such probability.
 
 
 9
 1. Brady Issue. To demonstrate a Brady violation, the petitioner must prove that the prosecutor suppressed material evidence. Brady v. Maryland, 373 U.S. 83, 87 (1963). The alleged Brady material that the prosecutor failed to disclose consists of Debra Pender's statement to the prosecutor to the effect that her brother Joseph, a prosecution witness, was lying and had not witnessed the murder. Although the prosecutor announced in open court that Debra had become hostile and had recanted her earlier testimony about knowing "Reggie" (the defendant), the prosecutor did not reveal that Debra had also said that Joseph was at home at the time of the crime. Respondent contends that the prosecutor was under no duty to disclose the specifics of Debra Pender's statement because it was issued only as a "threat" to the prosecutor in order to avoid testifying and thus its truth was highly suspect. Petitioner argues that the prosecutor's failure to disclose Debra's statement prevented the defense from making its own strategy choices, and therefore requires reversal of the conviction.
 
 
 10
 We reject petitioner's argument. The New York state courts would reverse only if "there is a 'reasonable probability' that defense strategy would have changed and that the new strategy would have affected the outcome of the trial." People v. Jackson, 593 N.Y.S.2d 410, 420, 154 Misc.2d 718, 733 (N.Y.Sup.Ct.1992) (emphasis added), aff'd, 603 N.Y.S.2d 558, 198 A.D.2d 301 (2d Dep't 1993). In the circumstances of this case, we agree with the District Court that Debra Pender's statement was clearly not credible, and that even if defense counsel had called her as a witness, such a strategy would not have changed the outcome of the trial. Because Debra Pender's statement would not have constituted a "material impeachment device," there is no reasonable probability that the state courts would have found that the failure to disclose the specifics of her statement contributed to the verdict. People v. Clausell, 587 N.Y.S.2d 672, 674, 182 A.D.2d 132, 135 (2d Dep't 1992).
 
 
 11
 2. Identification Issue. We also see no merit in petitioner's challenge to the identification testimony. As respondent argues, a due process concern with a pretrial identification arises when the police have orchestrated the procedure to "suggest" a person to a witness to such an extent that the witness's own judgment about the perpetrator's identity becomes unduly influenced. See People v. Morales, 37 N.Y.2d 262, 271, 372 N.Y.S.2d 25, 33 (1975). In petitioner's case, there was no such danger. On May 31, 1985, after months of scrutinizing people in the neighborhood looking for the man he had identified as the perpetrator, Joseph Pender saw the petitioner and called the police to notify them of the perpetrator's exact location and current appearance. Pender's identification of petitioner was complete at the time that he saw the petitioner on the street and notified the police. The subsequent show-up identification conducted at the station merely confirmed that the person that the police had seized was the same person that Pender had called to their attention. See id. at 271-72, 372 N.Y.S.2d at 33-34. Accordingly, as the state court found, the show-up procedure was nonsuggestive and merely confirmatory.
 
 
 
 *
 Of the United States District Court for the District of Connecticut, sitting by designation