THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH D. ULRICH, Respondent. [697 NYS2d 410] —Order unanimously reversed on the law and the facts, motion denied and judgment of conviction reinstated. Memorandum: Defendant was convicted upon a jury verdict of murder in the second degree in 1986, and the judgment of conviction was affirmed by this Court (*People v Ulrich*, 152 AD2d 993, *lv denied* 74 NY2d 952, 75 NY2d 818). The People appeal from County Court's 1998 order vacating the judgment of conviction pursuant to CPL 440.10 (1) (f). Recognizing that the hearing court's determination is entitled to great weight (*see, People v Jackson*, 198 AD2d 301, 302, *lv denied* 83 NY2d 806; *People v Garafolo*, 44 AD2d 86, 88), we nevertheless conclude that the court's finding that the People failed to provide defense counsel with a copy of the notes of a witness who testified at trial is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). At the CPL 440.10 hearing, defendant's trial counsel testified only that he had no recollection of receiving a copy of the witness's notes, which consisted of a single page. He further stated that "the reason I don't believe I got a copy is that when I looked through my file specifically looking for the notes, I could not find them." On the other hand, the trial prosecutor testified to his specific recollection that defendant's trial counsel had been furnished with the notes and had used them in cross-examining the witness at issue, a State Police firearms examiner. Most significantly, the trial record reflects that, in response to a question on cross-examination, the firearms examiner responded: "Yes. I have that here", and then furnished the diameter of defendant's shotgun muzzle, a measurement found in no other document save the notes at issue. Despite a consistent pattern of inquiring of the trial wit-

nesses whether they had any notes or memoranda concerning their testimony, defendant's trial counsel did not so inquire of the firearms examiner, thus supporting the inference that he had already been furnished with the notes of that witness. We conclude, therefore, that defendant failed to meet his burden of establishing by a preponderance of the evidence that defense counsel was not furnished with the notes of the firearms examiner (*see*, CPL 440.30 [6]).

Even assuming, arguendo, that the notes were not furnished, we conclude that the evidence is insufficient to support the determination to vacate the judgment of conviction. CPL 440.10 (1) (f) authorizes the hearing court to vacate a judgment of conviction upon proof that "[i]mproper and prejudicial conduct not appearing in the record occurred" during the trial, "which conduct, if it had appeared in the record, would have required a reversal of the judgment upon an appeal therefrom". Upon a direct appeal from the judgment of conviction, a court must reverse the judgment based on the failure to disclose *Rosario* material, which constitutes per se error (*see, People v Jones*, 70 NY2d 547; *People v Ranghelle*, 69 NY2d 56). Upon a CPL 440.10 motion, however, the hearing court may vacate the judgment based on a failure to disclose *Rosario* material only if defendant establishes "prejudice—meaning a reasonable possibility that the prosecution's failure to make *Rosario* disclosure materially contributed to the verdict" (*People v Machado*, 90 NY2d 187, 188-189; *see, People v Jackson*, 78 NY2d 638, 648-649). In this case, the evidence at the hearing is legally insufficient to support the court's conclusion that the alleged failure to furnish the one-page notes of the firearms examiner deprived defendant of effective cross-examination and the opportunity to engage his own firearms examiner. With the exception of a single parenthetical phrase, the notes were identical to the trial testimony of the firearms examiner concerning the shot pattern tests that he performed on defendant's shotgun after trial had commenced. Both the testimony and the notes reflected that the testing resulted in shot patterns that were smaller in circumference than the wound in the victim's skull, thus suggesting that defendant's shotgun was not the murder weapon. The parenthetical notation "pellets starting to spread" after the result of the six-foot shot pattern test provides no material information beyond that provided by the witness's testimony. Therefore, it cannot reasonably be concluded that the failure to disclose the notes affected the cross-examination of that witness by defendant's trial counsel or his decision not to retain his own firearms expert. Thus, notwithstanding the court's determination that the notes were not furnished, the

motion should have been denied based on defendant's failure to establish a reasonable possibility that the alleged *Rosario* violation materially contributed to the verdict (*see, People v Bianco,* 183 AD2d 284, *lv denied* 81 NY2d 785; *see also, People v Stevens,* 199 AD2d 441, *lv denied* 83 NY2d 877).

Contrary to defendant's further contention, the notes were essentially duplicative of the trial testimony, and thus they do not qualify as "new" evidence under CPL 440.10 (1) (g) (*see, People v Taylor,* 246 AD2d 410, 411-412, *lv denied* 91 NY2d 978). Although the hearing testimony of defendant's expert is new, it cannot form the basis for an order vacating the judgment because it could have been "produced by the defendant at the trial * * * with due diligence on his part" (CPL 440.10 [1] [g]; *see, People v Thomas,* 226 AD2d 484, 485, *lv denied* 88 NY2d 995; *People v Allen,* 196 AD2d 876, 877, *lv denied* 82 NY2d 890, 83 NY2d 868; *cf., People v White,* 200 AD2d 351, 352-353, *lv denied* 83 NY2d 859; *People v Gurley,* 197 AD2d 534, 535-536). (Appeal from Order of Cattaraugus County Court, DiTullio, J.—CPL art 440.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.