Appeal from an order of Monroe County Court (Marks, J.), entered March 6, 2001, which denied the motion of defendant pursuant to CPL 440.10 to vacate his judgment of conviction.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from an order denying his pro se motion pursuant to CPL article 440 seeking to vacate the judgment convicting him of two counts each of burglary in the *1021 first degree (Penal Law § 140.30 [1], [4]) and attempted robbery in the first degree (§§ 110.00, 160.15 [2], [4]). We previously affirmed that judgment of conviction (People v Singleton, 286 AD2d 877 [2001], lv denied 97 NY2d 658 [2001]). In support of his motion, defendant submitted the transcript of the plea proceeding of one of his alleged accomplices. Defendant contended that the transcript constituted newly discovered evidence and that the verdict would have been more favorable to him had the transcript been received at trial (see CPL 440.10 [1] [g]); that he received ineffective assistance of counsel (see 440.10 [1] [h]); and that the People committed a Brady violation by failing to turn over the transcript to defendant (see 440.10 [1] [i]). We conclude that County Court properly denied the motion. The transcript does not constitute newly discovered evidence because it could have been produced at trial by defendant with due diligence (see 440.10 [1] [g]; People v Ulrich, 265 AD2d 884, 886 [1999], lv dismissed 94 NY2d 799 [1999]; People v Beckett, 162 AD2d 1000, 1001 [1990], lv denied 76 NY2d 852 [1990]). Defendant was aware that the accomplice had pleaded guilty and, indeed, defendant had obtained the transcript of another accomplice’s plea proceeding prior to trial. We agree with the court that defendant did not support his contention concerning ineffective assistance of counsel with sufficient “nonrecord facts” (People v Satterfield, 66 NY2d 796, 799 [1985]). Furthermore, although we agree with defendant that the transcript of the accomplice’s plea proceeding was exculpatory, we disagree that there was a Brady violation. The People are not required to turn over evidence where, as here, defendant “knew of, or should reasonably have known of, the evidence and its exculpatory nature” (People v Doshi, 93 NY2d 499, 506 [1999]; see People v Quinones, 228 AD2d 796, 798 [1996]). Present—Pigott, Jr., PJ, Green, Scudder, Kehoe and Hayes, JJ.